ELLA McSHERRY, *as Executrix, etc.*, v. W. D. BLANCHFIELD.

No. 13,434.  (75 Pac. 121.)

SYLLABUS BY THE COURT.

1. USAGE OR CUSTOM—*Notice of It.* In order that it may be binding, a custom or usage must be known to the party sought to be charged, or must be so notorious that knowledge of it will be presumed.

2. ———— *Cannot Make a Contract.* Usage or custom cannot make a contract when parties themselves have made none.

3. ———— *Office of Usage or Custom Stated.* The proper office of usage or custom is to explain technical terms in contracts to which peculiar meanings attach; to make certain that which is indefinite, ambiguous or obscure; to supply necessary matters upon which the contract itself is silent; and generally to elucidate the intention of the parties when the meaning of the contract cannot be clearly ascertained from the language employed.

4. BAILMENT—*Storage of Grain—Duty of Warehouseman.* In order to recover charges for the storage of grain a warehouseman must keep at the place of deposit, subject to delivery on demand of the depositor, either the grain left for storage or an equal quantity of other grain of the same kind and quality; and this requirement is not satisfied by keeping a sufficient quantity of grain of the proper description in another warehouse at a different place from that in contemplation of the parties when the bailment was made.

Error from Reno district court; M. P. SIMPSON, judge.    Opinion filed January 9, 1904.    Affirmed.

*Prigg & Williams*, for plaintiff in error.

*George A. Vandeveer*, and *F. L. Martin*, for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The plaintiff sued the defendant for the value of wheat which he had stored in the defendant's elevator, and which the defendant sold. He alleged an express contract covering the terms of the transaction. The defendant admitted the storage of the wheat and its sale, and claimed the relations of the parties were fixed by an express agreement, but the contract he proposed differed in certain material respects from that for which the plaintiff contended. At the trial the defendant offered evidence of a custom among elevator men of the locality relating to the disputed items of the contract. The court rejected the evidence, and its ruling upon that subject is assigned as error.

The defendant claims that the custom was identical with his version of the contract; that evidence of it would have corroborated his testimony as to what the agreement was, and that it would have furnished a basis for the adjustment of the differences between the parties in case the jury found that their minds had not met. The claim of error is predicated upon the refusal of the court to permit certain questions to be answered. Favorable answers to all the questions propounded would not have shown that the plaintiff knew of the claimed custom, or that it was so notorious as to furnish a presumption of knowledge. No

offer to make this showing is disclosed. Without that the testimony was insufficient, and the ruling of the district court was correct. (Law, Us. & Cust. §§ 18, 19.) But beyond this, usage or custom cannot make a contract when the parties themselves have made none. (*National Bank v. Burkhardt*, 100 U. S. 686, 692, 25 L. Ed. 766; *Thompson v. Riggs*, 5 Wall. 663, 679, 18 L. Ed. 704; *Tilley v. County of Cook*, 103 U. S. 155, 26 L. Ed. 374.) And the defendant did not claim that technical or trade terms had been used to which a peculiar meaning requiring explanation attached. (*Seymour v. Armstrong*, 62 Kan. 720, 64 Pac. 612; *Cosper v. Nesbit*, 45 id. 457, 25 Pac. 866.) Or that the contract was ambiguous or indefinite or silent upon any matter (*Smythe v. Parsons*, 37 Kan. 79, 14 Pac. 444), or that the intention of the parties could not be ascertained from the language they employed. (*McCulsky v. Klosterman*, 20 Ore. 108, 10 L. R. A. 785, 25 Pac. 366.) This is the only proper function of usage or custom. (*Barnard v. Kellogg*, 10 Wall. 383, 390, 19 L. Ed. 987.) Therefore the evidence sought to be introduced was irrelevant and immaterial.

At the trial the defendant admitted that he did not keep on hand at the place of storage in Abbyville, in Reno county, a quantity of wheat like in kind and quality to that of the plaintiff's sufficient to meet the plaintiff's demands, and, for the purpose of enabling him to collect storage charges, offered to show that he had wheat in a Topeka elevator with which to satisfy his contract with the plaintiff. This offer the court rejected, and its ruling is assigned as error.

The contract of the parties had reference solely to the place of storage selected by the owner of the wheat. The character of the warehouse structure,

its location, the method of handling grain in use there, and many other circumstances may control the depositor's choice of a place. The right of the owner of stored grain to protect himself from fire, and his protection against the creditors of the warehouseman, all relate to that place alone. The warehouseman may refuse a demand to deliver at any other place, and the owner may refuse to receive at any other place. Hence, without a new contract, the obligation of the warehouseman to keep on hand the depositor's wheat, or other wheat of like kind and quality, sufficient to satisfy the depositor's demands can only be discharged at that place. It is for this alone that storage charges are paid, and if this duty be not performed such charges cannot be recovered. Therefore, the evidence offered was properly rejected.

Pending the litigation the parties made an effort to compose their difficulties, and did agree upon a basis of settlement which they embodied in two written instruments. In a supplemental answer the defendant pleaded a balance due him, ascertained and agreed to, under the instruments referred to, while the plaintiff, in a supplemental reply, repudiated the settlement altogether. Upon these pleadings and the evidence several theories of the case were tenable. The court instructed the jury upon all phases of the controversy and many of these instructions are assailed as erroneous. It is not necessary to discuss at length the questions raised. Both the evidence and the instructions have been carefully examined and the instructions appear to be unimpeachable. The chief argument of the defendant against them seems to overlook the fact that the witness he called to prove the computation made upon the written basis of settlement, and to prove the balance ascertained by such computation,

testified that the plaintiff repudiated the result of the calculation altogether. The plaintiff could only be bound by a true balance. In order, therefore, for the jury to find for the defendant upon his theory of the case, it was necessary for it to determine whether or not, in making his calculation, the defendant's witness had actually employed lawful methods in dealing with proper items, and had, therefore, reached a correct conclusion. The jury could not do this without the aid of instructions, and those given were correct.

None of the assignments of error is well grounded, and the judgment of the district court is affirmed.

All the Justices concurring.