[Civ. No. 594.  First Appellate District.—May 10, 1909.]

## KAUFFMAN, DAVIDSON & CO., Appellant, v. W. F. SHAW & CO., Respondent.

ACTION ON NOTE—COMPROMISE AGREEMENT—TIME OF ESSENCE—PAYMENT OF PRINCIPAL—REFUSAL TO PAY INTEREST—CREDIT ON NOTE.—In an action on a note, in which the defendant relied on a compromise agreement which made time of the essence and required payment of the compromise sum, with interest, within the time limited, and provided that upon failure to comply strictly therewith, the agreement should be void, and the amount paid should be credited on the note, the mere payment of the principal sums within such time, without payment of any interest, though demanded, is a failure to comply with the agreement, and by the terms thereof the plaintiff is entitled to have the sum paid applied merely as a credit on the note and to recover judgment for the residue of the note.

ID.—POWER OF COURT OVER CONTRACTS.—It is not for the court to make contracts for the parties, nor to allow the defendant to be relieved merely because it came so nearly complying with its contract, nor to stop to speculate as to the amount of the interest required to be paid and which remained unpaid. The defendant could only be released by paying the amount agreed in the manner and at the time and according to the agreement by which the plaintiff agreed that defendant should be released.

ID.—PLAINTIFF NOT REQUIRED TO RETURN AMOUNT PAID—CREDIT AS PAYMENT UNDER CONTRACT.—It was not necessary for the plaintiff in the action on the note to return to the defendant the amount paid, it being a part of the agreement that it should be applied as a credit on the note if the compromise agreement was not fully kept and performed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Marcus Rosenthal, for Appellant.

Edwin L. Forster, and Robert R. Moody, for Respondent.

COOPER, P. J.—This action was brought to recover the sum of $1,006.85 upon a promissory note dated June 13, 1906, less the sum of $503.42, which it is alleged was paid thereon

on the eighteenth day of September, 1906. The case was tried before the court, and findings filed, upon which judgment was entered for the defendant.

The defendant in its answer claimed that it had been released from the payment of the full amount of said promissory note by virtue of an agreement of compromise, under the terms of which it was to pay the plaintiff the sum of $503.42 in full payment of said promissory note, and that said compromise agreement had been fully performed on its part. The court found in relation to the said compromise agreement as follows:

"That on the ——— day of August, 1906, at the City and County of San Francisco, State of California, by its certain writing, the plaintiff agreed with the defendant to accept the sum of $503.42, with interest thereon from June 13, 1906, at the rate of six per cent per annum, in full payment of principal and interest mentioned in said promissory note above set out and mentioned in the complaint herein, provided and on the express condition precedent that such payment be made within ninety. days from and after the date of the execution of said agreement, and by said agreement it was further provided that said agreement was strictly upon the condition precedent that all and singular the terms, provisions and conditions thereof be fully performed, and in the event of the failure in the performance of any of said provisions, terms and conditions, then the plaintiff should be and thereby was released from any obligation thereunder and from any obligation to accept less than the full amount of its claim in settlement thereof, and that time was in all respects of the essence of said agreement, and that if at the expiration of said period of 90 days the said sum of five hundred and three and 42/100 ($503.42) dollars, with said interest thereon, should not have been paid, then said agreement should be and become null and void, and the plaintiff should be released from all obligation to accept said sum in settlement of its claim, and that such payment of said last named sum and interest should be deemed merely a payment on account by the said defendant to the said plaintiff, and further that in the event of the violation of said agreement in any respect by the said defendant, or in the event of the failure in the performance by defendant of any of the terms or conditions in said agreement set forth, plaintiff should at its option be released from said

agreement and from its conditional obligation to accept said sum and interest in settlement of its claim.

"That said agreement has never been set aside by agreement between the parties hereto or by any order or judgment of any court.

"That said defendant did, on or about the 18th day of September, 1906, pay to said plaintiff the sum of $503.42, and that the plaintiff did immediately thereupon demand of said defendant the payment of said interest thereon, and said defendant did thereupon promise to and with the plaintiff to pay the same on the next day, but that neither said interest nor any part thereof has been paid, and that the plaintiff did thereupon, to wit, on or about the 15th day of November, 1906, and after the expiration of said period of ninety days, demand of and from the defendant the payment of the remainder of the principal and interest of said promissory note, but that no part of the principal or interest of said promissory note has been paid, save and except the said sum of $503.42.

"That said sum of $503.42, or any part thereof, has never been tendered to or returned to defendant by plaintiff or by any person on behalf of plaintiff."

It appears from the above findings that under the express agreement of the parties time was of the essence of the contract, and that the parties agreed that, unless the full amount was paid as provided for in the said composition agreement, then the said agreement should be void, and any payment that had been made thereunder should be deemed merely a payment by the defendant to plaintiff on account of the said promissory note. The court finds—and it is so stated in the agreement—that interest at the rate of six per cent from June 13, 1906, was to be paid upon said $503.42. It further appears that the interest was not paid, and that the defendant promised, at the request of plaintiff, to pay it the next day, but did not do so. It further appears that on the fifteenth day of November, after the expiration of the period of ninety days, the plaintiff again demanded payment of the balance due on said promissory note, with interest, but the defendant neglected and refused to pay the same.

It is elementary that the defendant, in order to have availed himself of the composition agreement, and of the payment of the amount justly due to the plaintiff, must have complied

strictly with the terms of the contract under which it was agreed that it should be released from a part of its indebtedness.   Under the composition agreement, if the $503.42, and the interest thereon, had been paid within the times provided for in the agreement, then the defendant would have been released; but the amount was not paid, and it is no answer to the proposition that only the interest remained unpaid.   The court cannot stop to speculate in regard to the amount— whether only a few dollars or half the composition agreement or three-fourths of it should release the defendant.   It could only be released by paying the amount in the manner and at the time and according to the agreement by which plaintiff agreed that it should be released.

Nor was it necessary for the plaintiff to return any portion of the $503.42 paid to it.   That was, by the express agreement of the parties, to be deemed a payment on account in case the composition agreement was not fully kept and performed.   It is not for the court to make contracts for the parties; nor to allow the defendant to be relieved because it came very nearly complying with its contract.   The contract was not performed, and the judgment should have been for the plaintiff for the amount due upon the promissory note, less the payment, to be credited as of the date when it was made.

The judgment is reversed, with directions to the trial court to enter judgment upon the findings in favor of plaintiff in accordance with the views herein expressed.

Kerrigan, J., and Hall, J., concurred.