No. 22,273.

CHARLES M. STANLY, *Appellee,* v. H. J. BUSER, *Appellant.*

SYLLABUS BY THE COURT.

1. ACCORD AND SATISFACTION—*Default in Payment—Accord Agreement Ineffectual.* To make an accord effectual, there must be a satisfaction, and if payment on an accord is to be made when the agreement is made, and a party fails to make payment at that time, the accord fails, and the other party may then sue on the original claim.

2. SAME — *Unambiguous Contract — Evidence of Custom Incompetent.* Custom and usage may be shown to elucidate or explain something ambiguous in a contract, but where the contract is clear and complete it cannot be changed or supplemented by evidence of a local custom, and in the present case it is held that there was no room for the operation of a custom.

3. TRIAL—*No Material Error in Record.* Objections to rulings on testimony and to instructions of the court examined, and held to be without material error.

Appeal from Sedgwick district court, division No. 1; RICH-
ARD E. BIRD, judge. Opinion filed November 8, 1919. Affirmed.

*William Keith,* of Wichita, for the appellant.

*O. A. Keach,* of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:   In this action Charles M. Stanly asked a
recovery against H. J. Buser for his services in the sale of
capital stock in the Argonia Oil & Gas Company.   His claims
were set forth in two causes of action.   One was on a written
contract executed September 18, 1916, by which the defendant
agreed to pay the plaintiff for his services $50 per week and a
commission of five per cent of the par value of the stock sold
by him, under which he acted for five weeks and one day from
the execution of the contract, selling three hundred and forty
shares of the stock at the par value of $10 a share, earning
$283.50 as salary and $170 as commissions, only a part of
which he alleged had been paid.   The second cause of action
was for services performed on what was called a trial trip,
continuing about a week, when the defendant accompanied
plaintiff, testing plaintiff's ability and fitness as a salesman.
During the trip, stock of the par value of $4,000 was sold, and
the defendant agreed to pay plaintiff's expenses and reason-
able compensation for the services rendered, which was
alleged to be $200.   The defendant had paid plaintiff $250 on
account, and he pleaded a tender of $140, stating that a judg-
ment for that amount might be rendered against him.   As a
defense to the second cause of action he pleaded accord and
satisfaction, alleging that after some controversy plaintiff
had agreed to accept $50 as compensation for his services on
the trip, payment of which had been accepted by plaintiff.   The
jury found that under the written contract plaintiff had earned
as salary $258.33, and that, having sold 335 shares of the
stock, he had earned $167.50 as commission.   It was further
found that defendant had not carried out the compromise
agreement as to the payment of the $50 for plaintiff's services
on the trial trip, and that the reasonable value of those services
was $200.   It was also found that only $250 had been paid to
plaintiff for services rendered under the written contract, and

in the general verdict the jury awarded plaintiff the sum of $375.83.

Defendant contends on this appeal that, as plaintiff agreed to accept $50 for his services on the trial trip, and as it was based on sufficient consideration, his promise then made was binding upon him, and his claim for that service, even if no payment had been made, was extinguished, and he could recover no more than the $50 then agreed upon. It is conceded that there was an accord between the parties, and, the claim being in dispute, it may be assumed that there was sufficient consideration for the agreement, but under the evidence in behalf of plaintiff, there was no satisfaction. If there had been a satisfaction of the accord, or if the promise had been accepted as a satisfaction, defendant's contention might be upheld, but the general rule is that to constitute a bar to an original demand the accord must be fully executed. (1 C. J. 530.) In his answer, the defendant did not plead that plaintiff had accepted the promise as satisfaction, but did allege a payment, and the jury have found that payment was not made. As to a satisfaction it has been said:

"It is not enough that there be a clear agreement or accord and a sufficient consideration; but the agreement or accord must be executed before it can be pleaded as an accord and satisfaction. If part of the consideration agreed on be not performed, the whole accord fails." (*First Nat. Bank v. Leech,* 94 Fed. 310, 311.)

If payment on an accord is to be made when the agreement is made, and there is a failure to make payment at that time, the other party is then entitled to sue on the original claim. (*Kauffman, Davidson & Co. v. Shaw & Co.,* 10 Cal. App. 572; *Shubert v. Rosenberger,* 204 Fed. 934.)

According to the plaintiff's testimony, which was evidently accepted by the jury, plaintiff agreed to accept the $50 if a check was given or payment made at that time. It was not done then, and no payment for salary or services was made until October 2, when a payment of $150 was made under the written contract. The evidence of the plaintiff, and the finding of the jury, was that the $50 had never been paid, and the accord had therefore never been satisfied. It is immaterial whether the transaction be designated as accord and satisfaction or as a compromise, for if a compromise was not carried

into effect by defendant, the plaintiff was at liberty to rely on the original claim which he held. As was said in *Brown v. Spofford,* 95 U. S. 474, 484:

"Nothing short of the fulfillment of that agreement would discharge the original demand, and that such a compromise to be available must be performed."

It has been said that:

"Upon a breach of the terms of a compromise agreement . . . by one party thereto, the other party may treat the agreement as a nullity and be remitted to his original claim or cause of action." (8 Cyc. 535.)

(See, also, *Christensen et al. v. Realty Co. et al.,* 42 Utah 70; *Reilly v. Barrett,* 220 N. Y. 170; *Shubert v. Rosenberger,* supra.)

We find nothing substantial in the objection of the indefiniteness or incompleteness of plaintiff's averments in the second count of his bill of particulars. It is evident from the record that an issue as to accord and satisfaction was joined and contested to a conclusion at the trial.

Complaint is also made as to the rejection of answers to questions relating to the amount of certain checks, as to defendant's reasons why checks of that amount had been issued by him. The questions, in part, called for conclusions, and as to what was in the mind of defendant when the checks were issued, and were therefore subject to the objections made. Proper testimony on the matter of payments and of what was said when the checks were issued was received and submitted to the jury, and it is clear that these rulings afford no ground for reversal.

Two questions relating to a claimed custom were refused, of which complaint is made. It appears that when purchasers were not ready to pay cash for the stock sold by plaintiff, approved notes were taken in payment, and that when these notes were received with the report of sales certificates of stock were issued by the company. It was contended by defendant that plaintiff's commissions were not due until the notes had been collected, but no such provision was contained in the contract of employment. It was sought to show that there was a custom in the locality where the sales were made, that agents selling stock should not receive commissions until

the notes taken in payment had been paid. There was no ambiguity in the contract as to when payments of commissions for stock sold were due and payable. It contains no technical terms, nor are any expressions peculiar to any avocation or locality used in the contract. Custom and usage may be shown to elucidate or explain something ambiguous in a contract, but where the writing is clear and complete, its terms cannot be added to or varied by evidence of a custom. Within the authorities, there was no room for the operation or application of usage or custom in the present case. (*McSherry v. Blanchfield,* 68 Kan. 310, 75 Pac. 121; *Strong v. Ringle,* 96 Kan. 573, 152 Pac. 631; *Commission Co. v. Mowery,* 99 Kan. 389, 161 Pac. 634, 162 Pac. 313; *Manufacturing Co. v. Merriam,* 104 Kan. 646, 180 Pac. 224; *Henderson v. Petroleum Co.,* 104 Kan. 653, 180 Pac. 228.)

Again, under the contract plaintiff was to have a commission for the sale of stock. The sale was effected when payment was made, regardless of whether the payment was in cash or notes. It was the policy of the oil company and the defendant, its agent, to accept such payments, and it recognized the completion of the sales by acceptance of the notes and the issuance of certificates to the purchasers. When plaintiff and defendant made the trial trip, and a sale of four hundred shares of stock was made, notes were accepted in payment, and the transactions of the agents were closed by the issuance of the certificates. Aside from these considerations, the defendant did not plead the existence of a local custom, nor was it proposed to be shown that plaintiff was acquainted with the proposed custom, but the ruling herein is based on the view that there were no functions to be performed in this instance by a custom.

A general attack is made on the rulings of the court in refusing instructions requested, as well as in giving those that were given. Some of those refused were incorrect statements of the law, and others of them were fairly covered in the charge that was given, and those given appear to be a fair presentation of the issues of the case.

One of the requests related to the subject of tender. It appears that a tender and offer to confess judgment were made by defendant, and these were briefly referred to by the

court. Whether or not a more extended statement should have been made, it has become immaterial, since the jury have found the indebtedness to be more than double the amount tendered.

An instruction requested as to the duties of the plaintiff stated that it was his duty to sell the stock for cash in order to earn a commission, when as a matter of fact there was no such provision in the contract, and manifestly no intention of the parties that only cash sales should be made.

As to the criticisms of the instruction relating to the application of the rule of accord. and satisfaction, it may be said that it substantially conforms to the rules of law as herein determined. All of the objections to the instructions have been examined, and no material error is found in them.

The judgment is affirmed.