No. 24,850.

THE FIRESTONE TIRE AND RUBBER COMPANY, *Appellee*, v! THE CITY
TRANSFER AND STORAGE COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. BAILMENT—*Contract to Store Auto Tires in Locker Compartment—Contract Violated—Tires Stolen—Liability of Warehouseman*. A bailee of goods who contracts to store goods in a locked compartment within a warehouse and in violation of the contract places them outside the compartment from which they were stolen, does so at his own risk and is liable for their loss.

2. SAME—*Prima Facie Case for Rerovery of Damages*. When the bailor has proven the contract and its breach together with the nondelivery of the goods, he has made out a case for a recovery of the damages sustained.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed April 5, 1924. Affirmed.

*Earl Blake, W. A. Blake, Harold L. Blake*, and *C. A. McCorkle*, all of Wichita, for the appellant.

*R. R. Vermilion, Earle W. Evans, Joseph G. Carey, W. F. Lilleston, Arnold C. Todd*, and *Bryan K. Perreault*, all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by The Firestone Tire and Rubber Company against the City Transfer and Storage Company, for the recovery for the value of eighty-seven automobile tires which the plaintiff had stored with the defendant and which had been stolen from the defendant's warehouse. The plaintiff recovered and defendant appeals.

It was alleged that the automobile tires had been stored upon an agreement that the defendant would keep them in a certain wire cage and a piano room, both of which were to be securely locked. The defendant left a part of the tires outside of the wire cage and piano room in violation of the agreement, where it was alleged they were exposed to greater hazards than they would have been if kept in the agreed places and that these were stolen. The defendant admitted the reception of the tires and admitted that they had been stolen while in its warehouse, but alleged that they were taken without knowledge or fault of defendant and that it had used due care and reasonable diligence to preserve the property intrusted to it. In

47—115 KAN.

answer to special questions the jury found that the contract alleged by plaintiff had been made to the effect that the tires should be stored in the cage and the piano room only, and that the provision was made so that the tires would have greater protection than if stored within the general warehouse space. In answer to a question the jury found that the defendant did not use ordinary care in preserving the property intrusted to it either by locking or fastening the rear door of the warehouse, by securing the windows against entry by thieves, or by the employment of a night watchman. The plaintiff presented its case upon two theories, one that the defendant had breached his contract to store the tires in the wire cage and piano room and thereby subjected the property to additional hazards. The other theory was that the defendant was liable as a warehouseman for its failure to exercise ordinary and reasonable care in protecting the tires against theft by reason of which eighty-seven of them had been stolen.

It is contended that plaintiff did not go far enough in its pleading or its proof to warrant a recovery. It is said that it is not enough to show that goods stored were stolen and that mere proof of the theft of bailed goods does not establish the negligence of the bailee. Plaintiff alleged an agreement to keep the tires in securely locked compartments within the general warehouse and that defendant in violation of the agreement removed and placed them outside of these compartments where they were exposed to greater hazards, against which the plaintiff would have been protected if defendant had complied with his agreement, with the result that they were stolen. Added to the violation of the agreement to keep the goods in a specified place of greater security the plaintiff pleaded a liability of defendant as a warehouseman for failure to exercise due care in protecting the property intrusted to him by reason of which the plaintiff was damaged.

It is unnecessary to consider the second theory as the jury specially found that there was an agreement to store the tires in a particular place, that defendant violated the agreement and took the risk of storing them in another place from which they were stolen. The agreement to store them in a particular place was made to obtain greater security than would be afforded in the general warehouse. That agreement having been breached and the tires being stolen, it is unnecessary to consider the question of negligence under

the second theory presented in plaintiff's pleading. When the defendant placed the tires in a place different from that agreed upon and which subjected them to a risk beyond that contemplated by the parties, a place from which they were stolen, the defendant became liable for the resulting loss. In *Wiley v. Locke*, 81 Kan. 143, 146, 105 Pac. 11, there was an express agreement to store goods in a brick building and the bailee stored them in a wooden building where they were destroyed by fire. It was said:

"Assuming that there was such an agreement, it follows that the placing of the goods in a different building, which subjected them to a risk not contemplated by the parties, and wherein they were destroyed by fire, makes the appellants liable for the resulting loss. An agreement to keep property in a certain kind of a building is not satisfied by placing and keeping it in a different kind of a warehouse, especially one less secure than the kind of warehouse provided for in the agreement." Citing *McSherry v. Blanchfield*, 68 Kan. 310, 75 Pac. 121.

When plaintiff had proven the agreement, the breach in respect to the place of storage, and the loss and nondelivery of the property, he had made out a case against the defendant irrespective of the question of negligence. (*McCurdy v. Wallblom Furniture and Carpet Co.*, 94 Minn. 326, 328.) In 2 Cooley on Torts, 3d ed., 1332, it is said:

"Every bailee is bound, in his use of the property, to keep within the terms of the bailment. If he hires a horse to go to one place, but goes with it to another, he is guilty of a conversion of the horse from the moment the departure from the journey agreed upon takes place. It is immaterial that the change is not injurious to the interests of the bailor; it is enough that it is not within the contract. Contracts are matters of agreement, and even a more beneficial contract cannot be substituted for another without the mutual assent upon which all agreements must rest."

Whether or not the wrong of the defendant may be treated as a conversion, there was a breach of contract, and when the defendant placed the tires in a place other than that agreed upon, one which was selected for greater safety, he took the risk and must respond for the loss. (*Great West Supply Co. v. G. T. P. R. Co.*, 20 D. L. R. 774.)

There is a complaint that the court refused to allow a question asked of a witness on cross-examination, but if admissible it is not deemed to be sufficiently material to be a ground of reversal.

Judgment affirmed.