DONALD H. WHITTEMORE vs. THOMPSON-WINCHESTER. CO., INC.

Suffolk. April 9, 1947. — June 3, 1947.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Sale*, Warranty. *Practice, Civil*, Exceptions: what questions open.

Evidence justified a finding of breach of an express warranty, made in connection with a sale of a "farm freezer," that zero temperature could be maintained in the freezer when it was full of meat and poultry.

Exceptions to the denial of motions for directed verdicts for the defendant in an action of contract for breach of express and implied warranties in a sale of a refrigerator were overruled where there was evidence justifying a finding of a breach of an express warranty that the refrigeration was one that would maintain a zero temperature, and this court did not consider contentions of the defendant that the evidence left conjectural the cause of stopping of the refrigerator in operation after the purchase and that evidence as to damages was insufficient.

CONTRACT. Writ in the Superior Court dated September 26, 1944.

The action was tried before *Goldberg*, J.

*F. R. Walsh*, for the defendant.

*W. J. Barry*, (*K. B. Bond* with him,) for the plaintiff.

WILKINS, J. This is an action of contract against a dealer for breach of warranty in the sale of refrigerating equipment, known as a "farm freezer." The jury returned verdicts for the plaintiff in similar amounts on each of two counts, one on an express, the other on an implied, warranty. The defendant's only exceptions are to the denial of its motions for a directed verdict in its favor on each count.

There was testimony permitting the jury to find these facts: The plaintiff, the owner of a farm in Westborough, went twice to the defendant's place of business. On the first occasion he was given a circular, which stated in part: "20 & 30 cubic foot capacity farm freezers . . . 30 cu. ft. stores 650 to 750 lbs. of fruit or vegetables, 1200 to 1350 lbs. of meat. . . . The zero-freezing seals in all the goodness,

keeps the just-picked flavor of fruits and vegetables, the tenderness and full flavor of fresh meats and poultry . . . for as long as six months to a year." On the second occasion the plaintiff told the defendant's vice-president that he wanted a freezer in which to keep poultry and meat on his farm, and that he thought he should have a freezer which "went down much below zero." The vice-president "assured" the plaintiff that zero was ample for his purposes, that the freezer would hold the temperature down at that point and would freeze food, as he put it in, in a satisfactory manner, and that thirty cubic feet ought to be large enough for what he needed. The plaintiff purchased a thirty cubic foot freezer. He was given no instructions "as to how to keep the temperature, how to operate it or take care of it." He was told "that all he had to do was connect it"; that "Westborough was too far to send a man at that time; that any electrician could do it." The freezer was then connected by an electrician employed by the plaintiff, and put into use at his farm. Shortly after this the plaintiff by telephone told the vice-president that the temperature would not go below twenty degrees, that it was not low enough to do the work for him, and that something must be wrong. The vice-president advised him that if he removed a dial cover in back, and pushed the dial counterclockwise as far as he could, he would get zero temperature. The plaintiff followed instructions, and obtained "around zero temperature," but to keep that temperature the machine ran practically all the time. Turning the dial accelerated the fan on the motor. In a few months the fan stopped, and the defendant put in a new one. About a month later the motor stopped, and the food spoiled. About this time the plaintiff discovered that there was printed on the inside of the dial cover the statement, "Range 25° to 47°." The freezer "would not preserve 1200 pounds of meat at zero temperature for six months to a year," and would "not function as a freezer in the absence of some means of producing circulation." The plaintiff never defrosted the freezer, and did not know that it was necessary to do so.

The defendant urges that the circular did not state that

the freezer would maintain a temperature of zero for six months to a year. But there is more to the case than that. According to the testimony, the defendant's vice-president told the plaintiff that zero was ample for his purposes, and that the freezer would hold the temperature down at that point. The defendant also points out that an expert for the plaintiff testified that he did not "contend" that the freezer could not be operated at zero temperature. This again is only part of the story. The expert also testified that while the unit could maintain a temperature of zero in the empty box, it could not do so when full of meat. The evidence was ample to permit a finding of an express warranty and a breach of it. G. L. (Ter. Ed.) c. 106, § 14. *Smith* v. *Denholm & McKay Co.* 288 Mass. 234, 240–241. *Denenberg* v. *Jurad*, 300 Mass. 488, 490, and cases cited.

The defendant further contends that the cause of the stopping of the motor was conjectural, and might havé been due to a variety of causes, such as the interruption of the electric current, faulty installation by the plaintiff's electrician, or failure to defrost. As it could have been found that there was a breach of warranty at the outset, in that the plaintiff did not receive what he bought, the subsequent history of the operation of the unit becomes unimportant where the only exceptions are to the denial of motions for directed verdicts. Breach of the contract entitled the plaintiff to nominal damages at least. *King Features Syndicate, Inc.* v. *Cape Cod Broadcasting Co. Inc.* 317 Mass. 652, 655. *Lane* v. *Epinard*, 318 Mass. 664, 667. For the same reason the defendant's contentions relating to the alleged insufficiency of the evidence as to damages cannot be considered.

Since, as to the count based on a breach of an express warranty, no error has been shown, it is unnecessary to consider the count based on a breach of an implied warranty. See *Sokoloski* v. *Splann*, 311 Mass. 203, 210.

*Exceptions overruled.*