HAROLD NATHAN *vs.* TREMONT STORAGE WAREHOUSE, INC.

Suffolk.    November 6, 1951. — December 3, 1951.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Bailment.    Contract,* Of bailment, Performance and breach. *Proximate Cause.    Practice, Civil,* Exceptions: what questions open; Ordering verdict.

In an action against the proprietor of a warehouse in which the plaintiff had stored his furniture under a contract requiring it to be kept on the fifth floor, the plaintiff made out a case of breach of the contract which was the proximate cause of loss of the furniture by evidence that without his knowledge or consent the furniture was removed to the basement of the warehouse and was there destroyed by fire, although it did not appear whether or not the fire was of such an extent that the furniture would have been destroyed if it had not been so removed.

A motion that a verdict for the defendant be ordered in an action for breach of a contract should be denied where a breach is proved and the plaintiff therefore is entitled to at least nominal damages.

The question whether the plaintiff in an action for breach of a contract is entitled to more than nominal damages is not open to the defendant in this court on an exception by him to the denial of a motion that a verdict be directed in his favor.

CONTRACT OR TORT. Writ in the Municipal Court of the City of Boston dated September 25, 1947.

Upon removal to the Superior Court, the plaintiff waived a count in tort and proceeded solely on counts in contract. The action was tried before *Swift*, J.

*P. L. Keenan*, (*N. J. Pransky* with him,) for the defendant.
*M. L. Glazer*, for the plaintiff.

RONAN, J. This is an action of contract to recover for the loss of furniture by fire at the defendant's warehouse. The plaintiff had a verdict. The case is here upon a single exception which was based upon a denial of the defendant's motion for a directed verdict.

The plaintiff entered into a contract with the defendant whereby he entrusted his furniture to it to be kept in a particular room on the fifth floor of its warehouse. The plaintiff was entitled to have his property protected by the security and safety which the place selected afforded to his property, and to have the risk continue unchanged so long as the contract remained in effect. A fire destroyed nearly all of the furniture which, without the plaintiff's knowledge or consent, had been placed in the basement of the defendant's warehouse. The fire started outside the building near the middle basement window. The jury could find that "safety as against it [fire] was in the contemplation of the parties when they agreed that the property should be stored in the specified room." *Mortimer* v. *Otto*, 206 N. Y. 89, 92. The jury could also find that changing the location of this furniture subjected it to a greater risk than if it had been left upon the fifth floor. The evidence was sufficient to show that this removal constituted a violation of the contract and that the loss of the furniture was a natural and probable consequence of the breach for which the defendant

was liable. *Scott-Mayer Commission Co.* v. *Merchants' Grocer Co.* 147 Ark. 58. *Firestone Tire & Rubber Co.* v. *City Transfer & Storage Co.* 115 Kans. 737. *Hudson* v. *Columbian Transfer Co.* 137 Mich. 255. *McCurdy* v. *Wallblom Furniture & Carpet Co.* 94 Minn. 326. *Drucker* v. *Tomkins Tidewater Terminal,* 272 App. Div. (N. Y.) 1041. Williston, Contracts (Rev. ed.) § 1045.

The record does not show whether or not the fire which destroyed the furniture extended to the fifth floor. The defendant therefore contends that, as far as the record goes, the fire might have destroyed the furniture even if it had not been removed from the place where it was originally deposited, and that in that event its removal to the basement would be immaterial, or in other words that the fire and not the removal would be the proximate cause of the loss of the furniture. According to the weight of authority a warehouseman who has wrongfully removed the stored goods from where he had agreed to keep them is not liable where it is proved that they would have been destroyed if they had not been moved. But there is not the slightest intimation that the fire destroyed the space which had been let to the plaintiff. In the leading case of *Lilley* v. *Doubleday,* 7 Q. B. D. 510, 511, it was stated that "The defendant was entrusted with the goods for a particular purpose and to keep them in a particular place. He took them to another, and must be responsible for what took place there. The only exception I see to this general rule is where the destruction of the goods must take place as inevitably at one place as at the other." *Tallahatchie Compress & Storage Co.* v. *Hartshorn,* 125 Miss. 662. *Bush Terminal Co.* v. *Globe & Rutgers Fire Ins. Co.* 182 App. Div. (N. Y.) 748. *Thornton* v. *Daniel,* 185 S. W. 585 (Tex. Civ. App.). Many cases setting forth this exception are collected in 12 A. L. R. 1322. But, as we have already said, the plaintiff made out a case by showing that his furniture was destroyed by a fire in the basement. If the defendant desired to contend that the plaintiff was not entitled to recover because his furniture would have been destroyed even if it had not been removed,

the defendant was at least obliged to go forward and introduce evidence indicating the existence of such a fact, if it were a fact, even if we assume, without deciding, that the burden of proving its contention did not rest upon the defendant. See *Castaline* v. *Swardlick*, 264 Mass. 481; *Thorneal* v. *Cape Pond Ice Co.* 321 Mass. 528, 535–536.

Moreover, a motion for a directed verdict should not be granted in an action of contract where the plaintiff has proved a breach. The breach, being established, carries with it at least nominal damages, *King Features Syndicate, Inc.* v. *Cape Cod Broadcasting Co. Inc.* 317 Mass. 652, *Whittemore* v. *Thompson-Winchester Co. Inc.* 321 Mass. 365, 367, *Reeves* v. *Scott*, 324 Mass. 594, 602, *Bartlett* v. *Keith*, 325 Mass. 265, 266, *Newton Construction Co.* v. *West & South Water Supply District of Acton*, 326 Mass. 171, 175– 176; and an exception to the denial of a motion to direct a verdict does not open up for review the question that the plaintiff should not have recovered more than nominal damages. The motion to direct a verdict for the defendant was properly denied. *Beit Bros. Inc.* v. *Irving Tanning Co.* 315 Mass. 561, 563. *Lane* v. *Epinard*, 318 Mass. 664, 667.

*Exceptions overruled.*