*Northern District*

No. 7629

**EDWARD LUONGO**

v.

**CHARLES ZIMMERMAN**

Argued: —————— - Decided: ——————

*Present:* Parker, P.J., Durkin, Mason, J.J.

Case tried to *De Marco, J.* in the East Boston District Court No. 10924-1971.

**Parker, P.J.** In this action of contract, the plaintiff seeks to recover from the defendant for a breach of warranty involving the sale by the defendant to the plaintiff of a boat. The general denial and that the alleged warranties were not a part of the contract. There was a finding for the plaintiff in the amount of $650.00.

At the trial there was evidence that the plaintiff, as a result of a newspaper advertisement that the boat was in good running order went

with a friend to see the boat and met the defendant. The boat was 32 feet long and twenty-four years old. The plaintiff went out to the boat and inspected the engine and battery. The defendant said, if anything went wrong he would take care of it. A price of $650.00 was agreed on and the plaintiff gave a check for that amount and asked the defendant not to cash it until two days later.

On the following day the plaintiff took a "test ride" of three to four hours. There was severe leaking and the boat had to be towed back to the harbor by the Coast Guard. That evening plaintiff called the defendant on the phone and told the defendant that he (the plaintiff) would stop payment on the check after which the defendant said he would work on the boat. Later defendant called plaintiff and said the boat was fixed and should not leak any more. The plaintiff gave a second check for $650.00 to the defendant. Defendant said he would "personally guarantee that he would take care of it". A written memorandum of the sale was signed by both parties. It contained no words of warranty nor were any written warranties made at any time. Several days after the boat "sank to the bottom".

The defendant seasonably filed seven requests for rulings. The court denied the first two, which read as follows:

1. As a matter of law the defendant breached no legal duty owed by him to the plaintiff.

2. The evidence does not warrant a finding that any breach of warranty by the defendant proximately caused the alleged damages.

The defendant claims to be aggrieved by the denial of these two requests.

The first sale between the parties did not go through because the plaintiff refused to pay. The defendant then agreed to repair the boat. This he did and the plaintiff gave him a new check for the boat, the defendant having said that the boat was fixed and it should not leak anymore. Several days later the boat sank.

From this evidence it could be found that the defendant made an affirmation of fact relating to the boat which created an express warranty that the boat was fit, would not leak, and that he would personally guarantee that he would take care of it. This was an express warranty under G.L. c. 106, §2 - 313(1)(a). The plaintiff relied on the affirmation of fact since he gave the defendant a new check for the amount of $650.00. On the report it cannot be said as a matter of law the defendant breached no legal duty owed by him to the plaintiff. *Deitrick* v. *Siegal,* 313 Mass. 612, 613. *Codman* v. *Deane,* 312 Mass. 570, 573.

An Appellate Court should not disturb a finding if it can be supported on any reasonable view of the evidence with all rational inferences of which it is susceptible. *Bartro* v. *Watertown Square Theater, Inc.,* 307 Mass. 233, 234.

There was no error in the denial of the defendant's first request.

Likewise, there was no error in the denial of the defendant's request #2. The case before us in an action of contract. Proximate cause is not an issue in a case brought in contract for breach of warranty. The issue is first, was there a breach of warranty and then, if this was so, what was the damage suffered by the plaintiff. Recovery is not based upon negligence of the defendant causing the plaintiff injury. This action is based upon a breach of warranty which is a breach of the contract. *Whittermore* v. *Thompson-Winchester Co., Inc.*, 321 Mass. 365, 367. *Carolet Corp.* v. *Garfield*, 339 Mass. 75, 78, 79.

The defendant's claim that the finding of the court is inconsistent with the court's allowance of the defendant's requests 3, 4, 5, 6 and 7 which the court allowed. This claim is not a matter appropriate for us to consider. The defendant's challenge to the court's finding as being inconsistent with rulings of law by him, is by a motion for new trial. The remedy is not a report. *Vieira* v. *Valsamo*, 328 Mass. 37, 39 and case cited.

**This Report will be dismissed.**

CHARLES D. KELLEY of Malden
for the Defendant

The plaintiff having filed no brief was not heard. Rule 31 Rules of the District Courts.