*Northern District*

## No. 8376

## MARIO ZUCCONI
### v.
## ROBERT W. NEAL d/b/a ROBERT W. NEAL INSURANCE AGENCY

Argued: Oct. 23, 1975. Decided: April 28, 1976.

Case tried to *Bailey, J.,* in the Third District Court of Eastern Middlesex. Number 399 of 1975.

Present: Bacigalupo, Gould, Walsh, J.J.

For defendant: Arthur J. McLaughlin, Darling & McLaughlin.

*There was evidence that* in November 1972 the plaintiff engaged the defendant to procure a tenant's

policy for him, paid him $44.00 and received a receipt acknowledging that the money was for a $5,000.00 tenant's policy. Although the defendant kept the money and the plaintiff relied on him to procure such a policy, none was obtained nor was the plaintiff so notified. Despite inquiries made in September of 1974 as to the status of the policy, notice of failure to procure the policy was not given.

These policies can be issued for a one or three year period. The plaintiff did not have knowledge of the period his policy would have covered. He relied on the defendant to inform him when any additional premiums might be due. The defendant's usual practice was to notify the clients that additional premiums would be due but never notified defendant since he never procured the insurance.

The loss for which plaintiff seeks damages arises out of a burglary at his apartment on November 24, 1974 when clothing and other personal items in the amount of $1,900.00 were taken. Of the incident there is apparently no dispute and the trial justice so found in his findings of fact made in the case. He also found that the plaintiff contracted and paid for a one year "tenant's policy" on November 22, 1972 which would have expired on November 21, 1973. Further, he found that the defendant did not procure such a policy, tender one or send renewal notices in 1973. He also found that the plaintiff did not attempt to renew as of November 21, 1973 and did not make any inquiry of defendant until September and October of 1974 when he called to inquire about renewal but received no reply. His final finding was that the plaintiff did not enter into a contract with the defendant for the procurement of a tenant's policy for the year 1974 and that he was not insured at the time of the loss.

Of the thirteen requests for rulings filed by the plaintiff, he claims to be aggrieved by the denial of

four. In the view we take of the case, it is necessary to consider only one of these.

Request number 12 asks for a ruling that the evidence warrants a finding for the plaintiff. It was denied by the trial justice with a notation to see his findings. This is the familiar type of request for ruling that is discussed in depth in the recent case of *Di-Gesse v. Columbia Pontiac Co. Inc.*, Mass. (1975).[1] The plaintiff would be entitled to the granting of this request if a finding in his favor is legally possible on the evidence. *Bresnick v. Heath*, 292 Mass. 293, 298 (1935). By refusing the request the court has in effect directed a finding for the defendant.[2] A study of the evidence and findings therefrom has been set forth above. These findings were supported by the evidence. However, having found a contract between the parties and having found the defendant did not perform, request number 12 should have been allowed. A directed finding [for the defendant] should not be granted in a contract action where the plaintiff has proved a breach. Nominal damages could be recovered in any event. *Nathan v. Tremont Storage Warehouse, Inc.*, 328 Mass. 168, 171 (1951). *Rombola v. Cosindas*, 351 Mass. 382, 384-385 (1966).

We also note that requests for ruling number 4 (the evidence requires a finding that the defendant breached a contract to procure tenant's insurance with the plaintiff) and number 5 (the defendant is liable to the plaintiff for breach of a contract to procure tenant's insurance) were both allowed. While the plaintiff touched on this apparent inconsistency in his brief, he did not file a motion for new trial or motion to correct the ruling as he should have done. *Biggs v. Densmore*, 323 Mass. 106, 108-109 (1948). Having been brought to our attention, however, it supports our ruling on request number 12.

---

[1] Mass. Adv. Sh. (1975) 3281. 18 LEGALITE 35, "Evidence Warrants".

The liability for failure to procure insurance is established against a broker or agent where he agrees to obtain insurance on the property of another but negligently fails to do so. Damages resulting therefrom are recoverable in either a breach of contract action or in tort for breach of duty. *Marano v. Sabbio,* 26 N.J. Super, 201, 205 (1953). This seems to be the rule throughout the United States and in this Commonwealth as well. An agent can bind himself to procure insurance and, if there is a breach of the contract, he is liable in damages. *Cass v. Lord,* 236 Mass. 430, 432 (1920).[3]

The defendant argues that there can be no recovery in contract in this type of case and cites *Merolla v. Talman & Johnson Insurance Agency, Inc.,* 354 Mass. 300 (1968) to sustain his contention that recovery should be only in tort. In that case, after the judge directed verdicts for the defendant on the tort counts, the issue of the existence of a contract was submitted to the jury in the form of a question as to whether the defendant had entered into a contract. As the jury answered in the negative, the judge directed a verdict for the defendant on the contract count. The court did not appear to hold there could be no recovery in contract but rather that this issue had been resolved by the jury. Since the issues in tort could be different,

---

[3] As to the relationship between assured and broker, See: 9 LEGALITE 291. 44 ALR 1150. 142 ALR 542. **Rayden Eng. Corp. v. Church,** 337 Mass. 652 (1958) (Broker not liable for failure to obtain insurance for accidental death. Case distinguishes between broker's agreement to place insurance and broker's agreement to use reasonable efforts to procure insurance). **Hanson v. Gravline,** 20 Mass. App. Dec. 39; s.c. 12 LEGALITE 26 (broker not liable to assured for improper cancellation of policy). As to duty and liability of insurance broker to assured with respect to procurement, continuance, terms and coverage of insurance, See: 29 ALR 2d 171.

it was held that the judge had improperly directed verdicts on the tort counts.

The trial justice in this case might even have found that there was a breach and that if no loss occurred, the measure of damages would be the amount paid as the premium. *Everett v. O'Leary,* 90 Minn. 154, 157 (1903) cited in *Cass v. Lord,* 236 Mass. 430, 432. However, we cannot be certain of the exact breach that was found and the damages that were sustained.

There being prejudicial error in the denial of request for ruling number 12, the finding for the defendant is vacated and the case is remanded to the District Court for a new trial.