**Joseph FREEDMAN CO., INC.**
**Plaintiff**
**vs.**
**NORTH PENN TRANSFER, INC.**
**Defendant**

**No. 347**

District Court/Hampden, ss.
Appellate Division/Western District
Trial Court of the
Commonwealth of Massachusetts

**July 8, 1982**

Bernard Glazier, Esq., counsel for plaintiff
Michael West, Esq., counsel for defendant

**DECISION AND ORDER**

This cause came on to and was heard in the Appellate Division for the Western District sitting in Springfield upon a report from the Springfield Division of the District Court Department and it was found and decided that there was no prejudicial error.

It is hereby

ORDERED: That the Clerk of the Springfield Division of the District Court Department make the following entry in said case on the docket of said Court, namely: Report Dismissed.

Date Opinion Certified:     Date: July 8, 1982

Allan McGuane, Justice
F. J. Larkin, Justice
Mel L. Greenberg, Justice

Opinion filed herewith.

Robert E. Fein, Clerk

**OPINION**

McGuane, J. The defendant in this appeal raises the issue that in this particular case the plaintiff had the burden of proving that the goods were received in good condition, not just that they were received. His contention is that there must be evidence in the report to sustain the judge's findings and absent that evidence he was entitled to a directed verdict.

The report contains the following summary of testimony. "The merchandise was placed on defendant's truck under the defendant's driver's supervision. The defendant's driver was able to observe the conditions of the reels, in that one or more of the reels were broken apart. He, however, accepted the load and took it to the depot in South Windsor, Conn."

The trial judge then goes on to make the following finding of facts:

It is found that the reels were delivered to the defendant in good condition at the plaintiff's place of business in Springfield, Mass.

Certainly without using certain words the summary of testimony and the inferences drawn by the acceptance and loading of the plaintiff's goods by the defendant support the finding of fact by the trial justice.

A finding supported by evidence will be upheld unless vitiated by error of law. **Brown's Case** (334 Mass. 343).

"An Appellate Court should not disturb a finding if it can be supported on any reasonable view of the evidence with all rational inferences of which it is susceptible." **Luongo v. Zimmerman** (47 Mass. App. Dec. 126 at p. 129).

As to the defendant's motion for new trial, in order to retry the issue of damages, it was adequately covered by the judge's finding of fact.

There being no prejudicial error the report is dismissed.

Allan McGuane, Justice
F. J. Larkin, Justice
Mel L. Greenberg, Justice

This certifies that this is the OPINION of the Appellate Division in this cause.

Robert E. Fein, Clerk