875 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HERMAN BROTHERS SALES CORPORATION, Plaintiff-Appellant,
v.
HILL'S PET PRODUCTS DIVISION, OF COLGATE-PALMOLIVE COMPANY,
Defendant-Appellee.
 No. 88-1768.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1989.
 
 Before BOYCE F. MARTIN, Jr., KRUPANSKY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The district court dismissed the complaint of Herman Brothers Sales Corp. which alleged termination of a contract without cause under Kansas law regarding the sale of goods, and unfair dealing/unjust enrichment under Michigan common law. We affirm.
 
 
 2
 Herman Brothers is a wholesale distributor of pet supply products in Detroit and throughout the Midwest. Hill's Pet Products is a division of the Colgate-Palmolive Company which manufactures various pet products. In September, 1978, Herman Brothers entered a distribution agreement with Hill's in which Herman Brothers agreed to purchase Hill's pet products and resell them in retail outlets. This agreement contained a provision which expressly stated that the agreement could be terminated "with or without cause."
 
 
 3
 In April, 1983, Hill's revised the form of this distribution agreement. This agreement stated that the term of the contract was to be one year but that it was to run continuously thereafter by being "renewed automatically from year to year ..." The revised agreement also included a procedure for non-renewal, using a thirty-day written notice of "intent not to renew." The language for termination "with or without cause" was deleted from this revised agreement.
 
 
 4
 In October, 1985, another revised form of the distribution agreement was signed by the parties. This revised form did not change the substance of the termination and renewal provisions found in the April, 1983 agreement, rather, these pertinent sections were simply renumbered. Like its predecessor, this agreement provided that it was to be renewed automatically unless notice was provided thirty days prior to the end of the term. Similarly, the agreement did not provide that termination could be "with or without cause." The agreement did contain a choice-of-law provision which stated that it should be construed and enforced under the laws of Kansas.
 
 
 5
 In November, 1987, Herman Brothers received written notice that the agreement would not be renewed for 1988 "[i]n accordance with the terms set forth in paragraph 3 of the Distributorship Agreement ..." Hill's provided no reason for this action. When Herman Brothers asked Hill's the reason for its decision, Hill's responded that it was not satisfied with Herman Brothers' efforts to market its "Science Diet" pet products. Herman Brothers seems to have enjoyed great success marketing Hill's products. Despite this success, Hill's took the retail accounts for Hill's products, which Herman Brothers had promoted and obtained through its own efforts, and transferred them to Herman Brothers' competitor.
 
 
 6
 The district court, applying Kansas law, dismissed Herman Brothers' complaint on summary judgment. The court held that under Michigan law contractual choice-of-law provisions are valid. Liberty Mutual Ins. Co. v. Vanderbush Sheet Metal Co., 512 F.Supp. 1159, 1169 (E.D.Mich.1981).
 
 
 7
 The court also held that under Kansas law, "oral" terms which contradict the clear, unambiguous terms of a written contract are not to be given effect. Havens v. Safeway Stores, 235 Kan. 226, 678 P.2d 625 (1984). The court found that Herman Brothers wanted to add something like "oral" contract terms to the written agreement. It found that Herman Brothers wanted to explain the terms of the distribution agreement through custom and usage of trade. The court found that under Kansas law "where the contract is clear and complete it cannot be changed or supplemented by evidence of local custom." Stanly v. Buser, 105 Kan. 510, 185 P. 39, 41 (1919). The court then noted that under Kansas' version of the Uniform Commercial Code, contract terms may be explained or supplemented by course of dealing, usage of trade, or course of performance. Kan.Stat.Ann. Sec. 84-2-202. The court found, however, that the contract in question was not in need of explanation.
 
 
 8
 The court did find that there were two means by which the contract could be discontinued. The termination provision of paragraph 14 of the agreement provides a means of ending the relationship during the term of the contract. Paragraph 14(b) provides for termination for "just cause." The district court found that custom and usage of trade would be permitted to explain this section. The court asserted, however, that paragraph 14 was not at issue in this case. Instead, it found that the renewal provision of paragraph 3 was the means by which the contract ceased to have effect in this case. Under this provision, either party may choose not to renew the contract provided that the party so choosing provides the other party with notice of non-renewal at least thirty days prior to expiration of the current contract term. The court found that Hill's complied with this notice requirement. The court found the non-renewal provision "clear and unambiguous" so that the parole evidence rule prevented the court from considering materials which contradict it. It concluded as a matter of law that the contract did not require renewal absent "just cause."
 
 
 9
 Herman Brothers argues here that the agreement is ambiguous because it only specifies the procedures of non-renewal, not the grounds for such, it any. It argues that silence creates this ambiguity. Even if the document is clear, however, Herman Brothers insists that, under Kansas law, evidence of usage of trade, course of dealing and course of performance is admissible. Official comment 1 of the Kansas U.C.C. expressly rejects the approach taken towards this evidence in the official U.C.C. comment. The Kansas comment provides that such evidence "may always be admitted even if the writing is totally integrated. The Code rejects the requirement that the writing must be ambiguous before such evidence may be admitted." Kan.State.Ann. Sec. 84-2-202, comment 1 (1983). Herman Brothers argues that the usage of trade in the pet supply industry is that there may not be termination or non-renewal of a contract without just cause. Consequently, it asserts that summary judgment was inappropriate.
 
 
 10
 This argument assumes, however, that article 2 of the U.C.C. applies in this case. We do not agree with this assumption. In support of its position that the U.C.C. does apply to distributorship agreements, Herman Brothers cites Baker v. Ratzlaff, 1 Kan.App.2d 285 (1977). In that case, a panel of the Kansas Court of Appeals applied the Kansas U.C.C. to an agreement between a popcorn grower and a popcorn buyer and distributor. Baker did not involve a distributorship or franchise agreement, rather, it involved a one year contract for the sale of goods. Consequently, the U.C.C. applied, See Kan.Stat.Ann. Sec. 84-2-102. The court did not expressly hold that it was applying the U.C.C. to the contract because it was a franchise or distributorship agreement, nor did it say that such an application would be proper.
 
 
 11
 The Fifth Circuit in Corenswet v. Amana Refrigeration Inc., 594 F.2d 129, 134 (5th Cir.1979), cited Baker in support of its comment that "[a]lthough most distribution agreements, like franchise agreements, are more than sales contracts, the courts have not hesitated to apply the Uniform Commercial Code to cases involving such agreements." We do not believe Baker stands for such a proposition, nor can we find any Kansas authority which applies the U.C.C. to a franchise or distributorship agreement. Accordingly, we find that the Code is inapplicable to the agreement in this case.
 
 
 12
 This is a simple breach of contract case properly decided by the district court under Kansas law. Contrary to the findings of the district court, we do not believe that Herman Brothers sought to have "oral" terms incorporated into the contract. The district court correctly found, however, that the contract between Herman Brothers and Hill's was clear and unambiguous. Under Kansas law, where the U.C.C. does not apply and "[w]here the provisions of a written contract are clear and unambiguous, there is no occasion for applying rules of construction. In such cases, the contract must be enforced according to its terms so as to give effect to the intention of the parties, and this must be determined from the four corners of the instrument itself." Standfield v. Osborne Industries Inc., 232 Kan. 127, 654 P.2d 917, 918 (1982) (citation omitted). In our opinion the district court correctly found that Hill's properly followed the clear procedures of the contract governing nonrenewal.
 
 
 13
 Herman Brothers also argues that the district court improperly dismissed its claim for unfair dealing/unjust enrichment. It cites Reed v. Kurdziel, 352 Mich. 287, 89 N.W.2d 479 (1958) for the proposition that, under Michigan law, a seller of products may not enjoy the benefits of sales without paying fair compensation to the person who acquired those sales. We believe the Reed case does not apply for at least two reasons. First, Reed involved an oral agreement between a sales representative and an iron foundry for sale of the foundry's products. Contrary to this, the agreement in the present case is a written contract. Second, under the terms of the oral agreement in Reed, the plaintiff salesman was to receive a commission for the sales he obtained. The written agreement between Herman Brothers and Hill's contains no such provision. It is obvious from the terms of the contract, however, that Herman Brothers and Hill's considered the possibility of nonrenewal. It is fair to assume that the cost of developing markets for Hill's pet products was contemplated by the parties and that this cost was factored into the terms of their agreement. Because Herman Brothers was fully compensated under the terms of this agreement for the business it produced, the dismissal of its claim for unfair dealing/unjust enrichment was proper.
 
 
 14
 The judgment of the district court is affirmed.