## THE STATE OF KANSAS v. J. W. EASTMAN.

### No. 11299.

EMBEZZLEMENT— *Criminal Intent is Necessary.*  In a prosecution under the last clause of section 95, chapter 100, General Statutes of 1897 (Gen. Stat. 1889, ¶ 2220), for the failure of an agent to deliver to his employer on demand money which came into the agent's possession by virtue of his agency, it is error to refuse to instruct the jury that a criminal intent is a necessary element of the crime charged.

Appeal from Lyon district court; W. A. RANDOLPH, judge.  Opinion filed May 6, 1899.  Reversed.

*A. A. Godard,* attorney-general, and *S. S. Spencer,* county attorney, for The State.

*E. W. Cunningham,* and *C. B. Graves,* for appellant.

The opinion of the court was delivered by

DOSTER, C. J. : This is an appeal from a judgment of conviction for the failure of the appellant as an agent to deliver to his employer on demand money which came to the possession of the agent by virtue of his agency. The statute under which the conviction was had is the last clause of section 95, chapter 100, General Statutes of 1897 (Gen. Stat. 1889, ¶ 2220), which reads as follows :

"If any agent shall neglect or refuse to deliver to his employer or employers, on demand, any money, bank bills, treasury notes, promissory notes, evidences of debt, or other property which may or shall have come into his possession by virtue of such employment, office, or trust, after deducting his reasonable or lawful fees, charges or commissions for his services, unless the same shall have been lost by means beyond his control before he had opportunity to make delivery thereof to his employer or employers, or the employer or employers have permitted him to use the same, he shall upon conviction thereof be punished in the manner provided in this section for unlawfully converting such money or other property to his own use."

The principal claims of error arise upon the instructions of the court and upon the court's refusal of defendant's request for instructions. It will be observed that the above statute does not, in its phraseology, make a criminal intent an ingredient of the offense defined. The court in its instructions omitted to charge the jury that the possession of a criminal intent by the defendant was necessary to his conviction, and on the other hand refused the defendant's request for the following instruction : "An essential element in the crime charged in this case is a felonious intent, and before you can convict the defendant you must find from the evidence that he intended to convert to his

own use the money of the prosecuting witness, and
to cheat, wrong and defraud him.'' Other requests
for instructions preferred by the defendant applied
the theory of criminal intent as an ingredient of the
crime charged to the special facts of the case as de-
veloped by the evidence. These were all refused.

The court erred in refusing to instruct the jury as
requested. In *The State v. Brown*, 38 Kan. 390, 16
Pac. 259, the defendant was prosecuted for the offense
of being drunk in a public highway. The defense
made was ignorance upon the part of the defendant
of the intoxicating character of the liquor drunk by
him. The court refused the defendant's offer of evi-
dence to show his ignorance of the intoxicating char-
acter of the liquor, and instructed the jury: '' The
defendant's ignorance of the intoxicating character of
the liquor drunk by him, if he did drink any such, is
no excuse for any drunkenness resulting therefrom, if
any did so result.'' These rulings were held to be
erroneous. The question principally discussed by the
court in its decision of the case was whether igno-
rance or mistake of fact will excuse the commission of
an act otherwise criminal. It was held that it would
do so. Some of the requests for instructions preferred
by the defendant in this case raise again this identical
question. This question, however, presents only a
phase of the broader and more general one — whether
intent to do wrong is a necessary element of crime.
The general rule, of course, is that a guilty in-
tent is a necessary ingredient of crime. ( Bishop,
Stat. Crime, §§ 132, 231, 351, 362.) We do not un-
derstand it to be disputed in this case as a general
proposition. However, its application to the case is
denied because of the failure of the statute to declare
intent to be an ingredient of the offense. There are

some cases which hold that unless made so by statute a guilty intent is not necessary to the commission of offenses *mala prohibita;* that is, not inherently bad, only bad because prohibited. The offense charged against the defendant in this case is not bad merely because prohibited, but it is *malum in se*—bad in itself. It is a species of embezzlement, and is classified by the statute in immediate connection with the common-law forms of embezzlement, and the punishment ordained for its commission is the same as the punishment for embezzlement proper. We feel quite clear that the principle upon which *The State v. Brown*, supra, was decided applies in this case, and that the court should have instructed as the defendant requested.

The judgment of conviction is therefore reversed, with instructions to grant the defendant a new trial.