THE STATE OF KANSAS v. J. W. EASTMAN.

No. 11,631.  (63 Pac. 597.)

62  353
66  474

1. EMBEZZLEMENT—*Proof of Tender after Arrest.* On the trial of a prosecution for embezzlement brought under section 95 of chapter 100, General Statutes of 1897 (Gen. Stat. 1899, § 2034), against an agent, for failure to deliver to his employer on demand money belonging to him, less the agent's reasonable charges, etc., it appearing that the amount due the employer was in dispute between him and the agent, it is error to reject an offer by the agent to prove a tender of the sum really due for the reason that such tender had not been made until after the prosecution was begun.

2. ———— *Allegation of Value of Money Unnecessary.* It is not necessary in a verdict finding a defendant guilty of embezzlement of a sum of money to state the value of the money in order to assess the punishment as for grand or petit larceny, because money is not to be valued in its own terms, and the courts judicially know that the different kinds of money current in this country circulate at their par value.

Appeal from Lyon district court; W. A. RANDOLPH, judge. Opinion filed January 5, 1901. Reversed.

23—62 KAN.

. *A. A. Godard*, attorney-general, and. *J. S. West*, for The State.

*Cunningham & Hamer*, and *Charles B. Graves*, for appellant.

The opinion of the court was delivered by

DOSTER, J. : This is an appeal from a judgment of conviction of embezzlement, as defined by section 95 of chapter 100, General Statutes of 1897 (Gen. Stat. 1899, § 2034). The case has been in this court once before. (*The State v. Eastman*, 60 Kan. 557, 57 Pac. 109.) The gravamen of the offense under the statute cited is the neglect or refusal of agents to deliver to their employers on demand moneys and other property which may have come into the possession of the agents by virtue of their employment. The principal ground of appellant's contention is the refusal of the court to allow him to prove and the jury to consider a tender of the amount alleged to have been embezzled, made after the prosecution was begun.

The appellant was the agent of L. D. Morris to rent and care for real property, collect rents, etc. He did so, and out of rents collected made expenditures in the interest of his employer. Morris was absent from the state a number of years. Upon his return he at several times asked for a "settlement," at all of which times excuses for not making it and requests for delay to make it were made and granted. Finally, in December, 1897, appellant exhibited to his employer a statement of account of moneys collected and disbursed for him, showing the amount of $164 still due and in his hands. This amount was not then demanded. The jury found that a demand for it was not made until January 1, 1898. On that day Morris,

with an attorney, called on appellant and, as they say, made demand for the amount shown by his statement to be due. The making of the demand was denied by the appellant. His excuse for failure to pay the amount then was that he had in the meantime discovered the stated balance to be incorrect; that he was entitled to credits not included in the statement, and he said that Morris and the attorney left without giving him an opportunity to explain and to tender the sum really due.

Prosecution was instituted against him on the 12th day of February. Once or twice thereafter, and before the commencement of the preliminary trial, he tendered, as he says, the real sum due, to wit, $118. At one point in his testimony he stated the making of this tender without objection, but afterward, upon being further questioned by his counsel, the court refused to allow him again to state the fact of the tender, ..ot because he had already testified to it, but because it appeared to have been made after the institution of the prosecution. To this refusal exception was taken. The jury were not at that time directed to disregard his testimony previously given as to the tender, but they must have understood the' court's ruling rejecting it when latterly offered as tantamount to an injunction not to consider it as previously given.

*1 Proof of tender after arrest.*

At the proper time appellant requested the court to give to the jury the following instruction :

"While a tender by the defendant after the commencement of this prosecution would not excuse him for any offense before that time committed, at the same time that act of his is proper for you to consider in connection with all the other evidence in the case in determining whether or not at the time he refused to pay over to Morris upon demand such refusal was

made with a criminal intent, and for this purpose you may consider the evidence before you as to such tender.''

This request was refused and exception taken. We think the court was in error in its rulings on the offer of evidence and on the refusal of instructions asked. It is true that restitution of property stolen or embezzled, or an offer to return it, does not obliterate the offense, and this is as true when the return or offer was made before the institution of the prosecution as afterward ; but there is no rule authorizing the rejection of evidence of a return or offer to return stolen or embezzled property, simply because the return or offer was made after prosecution was begun. Such evidence may possess but little weight, but nevertheless it goes to the question of intent with which the property was taken or withheld. It cannot, as matter of law, be said to manifest mere contrition of spirit, or be an effort to avert the consequences of wrong-doing. In the case of embezzlement, it may evidence a *bona fide* belief by the defendant that the money or property was rightfully taken or rightfully withheld by him, and a recent discovery of mistake as to that fact. This is especially true in cases of embezzlement arising under the statute cited. Under that statute the crime is not complete until demand is made by the employer and a neglect or refusal by the agent, and not then if the employer had permitted the agent to use the money or property, nor if the demand was of a sum of money which did not allow to the agent "his reasonable or lawful fees, charges, or compensation for his services."

In this case the jury found the amount embezzled to be $118, but the demand by the employer was for a sum largely in excess of the one the jury found to be

The State v. Eastman.

due—was for a sum which did not allow to the agent credits to which he was rightfully entitled. Considering the fact that, until January 1, 1898, no demand on the agent for money had really been made, but only a demand for a "settlement," and that on that day the demand was for a sum of money considerably greater than the jury found to be due, although the appellant had once mistakenly admitted it to be due, it would seem difficult to find ground upon which to rest a conviction; and we therefore think that the defendant, in view of the special circumstances of the case, and apart from the general rule to which we have adverted, was entitled to the evidence offered and the instruction requested.

The verdict of the jury recited "that the amount of money in his (the defendant's hands) belonging to D. L. Morris, on January 1, 1898, the date when the demand was made for the money, was $118." Objection was made to this verdict because it did not state the value of the $118 embezzled. Inasmuch as under the section before cited the punishment for the offense is the same as for grand or petit larceny, according as the value of the property embezzled may be above or below twenty dollars, it is said that the jury should have found the value of the money in question. No cases in support of or against this claim of error were cited to us, but the novelty of the proposition induced us to make search among the authorities. We found none excepting the case of *Gerard v. The State*, 10 Tex. App. 690. That case supports appellant's contention, but we cannot regard it as an authority to follow. Money is not a thing to be valued in its own terms. It is itself the measure of values. The value of a dollar can be ascertained only by comparing it with another

*2. Allegation of value of money unnecessary.*

dollar. When thus compared, they are perceived to be exact equivalents, but their equivalence was as well known before the comparison as afterward.

As to the different kinds of dollars of this country, issued by authority of the general government, we take judicial notice that, by the practice of the United States treasury department and in the economic habit of the people such dollars are maintained at a parity of value, and that they circulate at par ; and we also take judicial notice that state bank money, some of which was formerly not accepted at its face value, is now no longer in circulation. We therefore conclude as matter of law that the $118 mentioned in the verdict of the jury, meant one hundred and eighteen dollars of United States currency, each one of the actual value expressed on its face.

Other claims of error are made. Some of them are not well taken, and we have not considered it necessary to make examination as to the validity of the remainder. The judgment of the court below is reversed, with directions for a new trial.