THE STATE OF KANSAS v. JOHN I. MILLER.

No. 15,061.    (87 Pac. 723.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW — *Sale of Mortgaged Personalty* — *Proof of Intent to Defraud Essential.* Proof of a purpose to defraud is essential to a conviction under section 4259 of the General Statutes of 1901, forbidding the sale of mortgaged personal property without the written consent of the mortgagee, and in a prosecution under such section an instruction is erroneous which undertakes to enumerate all the elements of the offense and makes no mention of the wrongful intent of the defendant.

2. —————— *Fraudulent Concealment* — *Allegation and Proof* — *Variance.* Where an information charging the fraudulent concealment of mortgaged personal property describes the mortgage as one executed by the defendant and his wife to secure a note signed by them, and the evidence shows that while the mortgage was signed by both, and included an assumption of liability for any deficiency, the note secured was signed by the defendant alone, the variance is not material, no prejudice being shown.

3. —————— *Complaint—Warrant—Separate Counts.* It is not required that different felonies prosecuted upon the same complaint and warrant shall be therein stated in separate counts.

Appeal from Graham district court; CHARLES W. SMITH, judge. Opinion filed November 10, 1906. Reversed as to one count, affirmed as to the other.

*C. C. Coleman,* attorney-general, and *John S. Dawson,* assistant attorney-general, for The State.

*George W. Jones,* for appellant.

The opinion of the court was delivered by

MASON, J.: John I. Miller was prosecuted upon an information charging him in one count with fraudulently concealing mortgaged personal property and in another with selling such property without the written

consent of the mortgagee. He was convicted upon each count, and appeals.

The second count contained an allegation that the sale complained of was made with the purpose of defrauding the mortgagee, but the instructions upon that branch of the case, in enumerating the matters necessary to be found by the jury in order to convict, omitted all reference to such fraudulent intent, so that the jury were authorized to find the defendant guilty if he sold the mortgaged property without the written consent of the mortgagee, irrespective of his motive. The question is therefore presented whether the statute (Gen. Stat. 1901, § 4259) makes it a crime to sell mortgaged chattels under any and all circumstances unless authority to do so is given in writing. The language of the section involved upon its face seems to bear that construction. It reads:

"That any mortgagor of personal property or any other person who shall injure, destroy or conceal any mortgaged property, or any part thereof, with intent to defraud the mortgagee, his executors, administrators, personal representatives, or assigns, or shall sell or dispose of the same without the written consent of the mortgagee, or his executors, administrators, personal representatives, or assigns, shall be deemed guilty of larceny."

A somewhat similar statute was so construed in *State v. Reeder,* 36 S. C. 497, 15 S. E. 544, and the construction was approved in *State v. Rice,* 43 S. C. 200, 20 S. E. 986. The case of *Beard v. State,* 43 Ark. 284, is to the same effect, but is accompanied by a strong dissent. The case of *State v. Bronkol,* 5 N. Dak. 507, 67 N. W. 680, leans in the same direction, but there the use of the word "wilfully" in the statute affects the matter. On the other hand, expressions indicating a contrary view are to be found in the following cases, in none of which, however, was it necessary to decide the question: *Foster v. The State,* 88 Ala. 182, 7 South.

185; *State v. Hurds,* 19 Neb. 316, 27 N. W. 139; *State v. Ruhnke,* 27 Minn. 309, 7 N. W. 264.

A similar question was involved in *The State v. Eastman,* 60 Kan. 557, 57 Pac. 109. The statute there under consideration declared it to be embezzlement for an agent to fail to pay over money to his principal under certain circumstances, nothing being said with regard to his motive. Complaint was made of the failure of the trial court to instruct the jury that no conviction could be had unless they found that the defendant intended to convert the money to his own use. The court said:

"The general rule, of course, is that a guilty intent is a necessary ingredient of crime. (Bishop, Stat. Crime, §§ 132, 231, 351, 362.) We do not understand it to be disputed in this case as a general proposition. However, its application to the case is denied because of the failure of the statute to declare intent to be an ingredient of the offense. There are some cases which hold that unless made so by statute a guilty intent is not necessary to the commission of offenses *mala prohibita;* that is, not inherently bad, only bad because prohibited. The offense charged against the defendant in this case is not bad merely because prohibited, but it is *malum in se*—bad in itself. It is a species of embezzlement, and is classified by the statute in immediate connection with the common-law forms of embezzlement, and the punishment ordained for its commission is the same as the punishment for embezzlement proper. We feel quite clear that the principle upon which *The State v. Brown,* 38 Kan. 390, 16 Pac. 259, was decided applies in this case, and that the court should have instructed as the defendant requested." (Page 559.)

The argument seems equally applicable here, for the law calls the crime larceny, and that is what it is in effect. Whatever doubt there might otherwise be regarding the true interpretation of the statute is removed by an examination of its title, which reads as follows:

"An act relating to chattel mortgages, providing

punishment for the selling, destroying, or disposing of chattel-mortgaged property or any part thereof, with intent to defraud, and repealing chapter 167 of the Laws of 1899."

Apart from any consideration of whether under such a title any sales could be denounced excepting those made with intent to defraud, the language shows a legislative purpose to penalize some that were of that character; and inasmuch as only one kind of sale is described in the act it is a fair inference that what the legislature had in mind in that connection was a sale made with a fraudulent design. It is of course competent to have recourse to the title for whatever light it may shed upon a doubtful meaning. (26 A. & E. Encycl. of L. 627, 628.) We conclude that it was error to omit an instruction regarding the intent of the defendant, and the conviction upon this count must therefore be set aside.

This conclusion does not affect the proceedings based upon the other count (*The State v. Guettler,* 34 Kan. 582, 9 Pac. 200), and it remains to determine whether any of the assignments of error which affect that count are well founded. In the information the mortgage involved was described as having been executed by the defendant and his wife to secure a note signed by them. The evidence showed that both had signed the mortgage, which included an assumption of liability for any part of the debt remaining unpaid after the property should be exhausted, but the defendant alone signed the note. It is strenuously urged that this was a fatal variance. There is nothing substantial in the contention. The essence of the offense charged was the fraudulent concealment of the property to the prejudice of another's rights. The form of the mortgage had little to do with it—that of the note still less. There was no conceivable way in which the defendant could have suffered any embarrassment or injury or have been in any way misled by the recital in the in-

The State v. Miller.

formation that his wife as well as himself had executed the note which the mortgage secured.

"The strictness of the ancient rule as to variance between the proof and the indictment has been much relaxed in modern times. Variances are regarded as material, because they may mislead a prisoner in making his defense, and because they may expose him to the danger of being again put in jeopardy for the same offense." (*Harris v. People,* 64 N. Y. 148, 154. See, also, *State v. Thompson,* 28 Ore. 296, 42 Pac. 1002; *Kruger v. The State,* 135 Ind. 573, 35 N. E. 1019; *Oats v. State,* 153 Ind. 436, 55 N. E. 226; *The State v. Wilson,* 73 Kan. 334, 80 Pac. 639, 84 Pac. 737.)

Complaint is also made of a variance between the allegation and the proof of the date of the mortgage. There was no variance. The allegation was of the time the mortgage was made, and the evidence corresponded with the allegation, although the mortgage bore an earlier date.

A plea in abatement was filed and overruled. As a reason why this should be regarded as error it is argued that since there were two counts in the information there should have been two in the complaint and warrant. There was no such necessity. The practice does not require the separate statement of different offenses in these preliminary proceedings.

The forms of the verdicts are criticized, but they seem to be sufficient. Other specifications of error have been made, but no discussion of them is thought necessary. No error being found affecting the first count, the conviction based upon it is affirmed. The judgment upon the second count is reversed for the reasons given, and the case remanded for such further steps as may be found proper under the decision.

All the Justices concurring.