The State v. Wilfong.

## No. 24,825

THE STATE OF KANSAS, *Appellee*, v. S. L. WILFONG, *Appellant*.

### SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Unlawful Sale of Mortgaged Personal Property—Evidence Sufficient to Convict.* The evidence examined and held to be sufficient to sustain a conviction for the sale of mortgaged personal property without the consent of the mortgagee and with intent to defraud.

2. SAME—*Fraudulent Intent May Be Shown by Circumstantial Evidence.* The fraudulent intent may be shown by circumstantial evidence where the circumstances naturally, logically and clearly tend to and justify an inference of such intent.

3. SAME—*Correct Instructions Relating to Intent.* There was no error in that part of the charge in which the jury were instructed that: "The law presumes that a person intends the natural and legitimate results of his acts when deliberately and intentionally done."

4. SAME—*Local Custom Contradicting Unambiguous Contract Inadmissible.* Evidence of a local custom which contradicts a plain and unambiguous contract and which would ingraft upon it a liability of one of the parties as to which the contract is signed, is not admissible.

Appeal from Rice district court; DANIEL A. BANTA, judge. Opinion filed November 10, 1923. Affirmed.

*O. A. Wilson,* of Ellsworth, for the appellant.

*Charles B. Griffith,* attorney-general, *John F. Rhodes,* assistant attorney-general, *L. E. Quinlan,* county attorney, and *Ben Jones,* of Lyons, for the appellee; *W. W. Stahl,* of Lyons, of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: S. L. Wilfong was convicted of the sale of mortgaged property with intent to defraud the mortgagee. The information contained two counts charging a sale on November 4, 1920, of mortgaged wheat of the value of $95.10 and another sale on the 24th of November of wheat of the value of $66.41. The mortgage was executed on November 25, 1919, to secure an indebtedness of $3,802.50, represented by three notes of varying amounts. It covered horses, mules, cows and farming implements, as well as an undivided two-thirds of two hundred and eighty-five acres of growing wheat on land that was described, and recites that it is given as a renewal or extension of time on debts which had been secured by a prior mortgage. The description of the property continued from the

front of the instrument to the back thereof and several items were written on the back, including the growing wheat. The defendant was found guilty on both counts and from the judgment rendered he appeals.

One of the contentions made on the appeal is that the essential element of intent to defraud was not established by the evidence. It is argued that as the defendant testified that he had no intention to defraud anyone in the sale of the wheat, and that the provision including the wheat having been written on the back of the mortgage, led him to think there was no mortgage upon the wheat, and further that the open sale of it at an elevator near his farm tends to show an absence of fraudulent intent. It may be said that defendant signed the mortgage at the end of the front page and also at the end of the described property on the back of the instrument so that little can be claimed as to his lack of knowledge that the wheat was not included in the mortgage. In this connection he contends that the court although requested failed to instruct the jury that in the absence of proof of a fraudulent intent there could be no conviction. As the property might have been sold with the consent of the mortgagee, fraudulent intent is an essential element of the offense charged. (*The State v. Miller*, 74 Kan. 667, 97 Pac. 723.) However, this element was not overlooked by the trial court in its instructions. In the third instruction the jury were told in substance that it was incumbent on the state to prove that the defendants sold the wheat without the consent of the mortgagee while the debt secured by it was unpaid, and also that the sale was made by the defendant with intent to defraud. In the sixth instruction the court said in effect that if the jury found that the mortgage on the wheat was given and that defendant without the consent of the mortgagee and without the payment of the debt for which the mortgage was given, sold the wheat with intent to defraud, and that if these facts were established beyond a reasonable doubt, it would be the duty of the jury to convict the defendant. In the eighth instruction the court said:

"The principal question for your determination is, was the wheat or some part of it which was sold to the elevator company covered by the mortgage, and was such wheat or some part of it sold as alleged in the information and was it so sold with intent to defraud."

The court added that if these things were established it would be their duty to find the defendant guilty as charged.

There is no ground for the complaint that the ingredient of fraudulent intent was not clearly and fairly brought to the attention of the jury. The evidence shows that the mortgage existed, that plaintiff knew of the existence, that he also knew that the debt it was given to secure had not been paid, and that the mortgagee had not consented that he might sell and appropriate the proceeds of the mortgaged property. It is not easy to prove knowledge and intent by direct evidence, but when the circumstances stated were shown, they naturally, logically and clearly lead to and justify the inference of fraudulent intent. Fraud may be and often is established by circumstances alone and when they are sufficiently shown, the jury are as well warranted to infer fraud as if it had been proved by direct evidence.

Challenge is made of the correctness of that part of the charge in which the jury were advised that:

"With respect to the purpose of doing a particular act, the law itself presumes that a person intends the natural and legitimate results of his acts when deliberately and intentionally done."

This is a well-recognized rule of law and we see no fault in its application to the present case. (*The State v. Sorter*, 52 Kan. 531, 34 Pac. 1036.) In *Agnew v. United States*, 165 U. S. 36, an instruction was approved in which it was said:

"The law presumes that every man intends the legitimate consequence of his own acts. Wrongful acts knowingly or intentionally committed can neither be justified or excused on the ground of innocent intent. The color of the act determines the complexion of the intent. The intent to injure or defraud is presumed when the unlawful act, which results in loss or injury, is proved to have been knowingly committed. It is a well-settled rule, which the law applies in both criminal and civil cases, that the intent is presumed and inferred from the result of the action." (p. 53.)

It has been said that:

"A criminal intent is generally an element of crime; but every man is presumed to intend the necessary and legitimate consequences of what he knowingly does. A man, it seems, intends that consequence which he contemplates and which he expects to result from his act, and he, therefore, must be taken to intend every consequence which is the natural and immediate result of any act which he voluntarily does." (1 Jones on Evidence [Horwitz], § 27.)

Error is assigned on the exclusion of evidence offered by the defendant that there was a custom in central Kansas for banks holding mortgages on growing wheat to advance money for harvesting expenses and to allow the mortgagor to sell the wheat and pay such

expenses out of the proceeds of the crop. The proposed offer was properly rejected. Such testimony would have been in conflict with the terms of an unambiguous mortgage contract between the parties and would have imposed a liability on one of them not included in the contract. There is nothing in the contract with reference to harvesting expenses nor anything in it that is ambiguous or which requires explanation. Evidence of custom cannot be admitted to contradict the terms of a plain and unambiguous contract nor to ingraft upon it any provisions fixing liabilities as to which the contract is silent. (*McSherry v. Blanchfield,* 68 Kan. 310, 75 Pac. 121; *Atkinson v. Kirkpatrick,* 90 Kan. 515, 135 Pac. 579; *Deposit Co. v. Callahan,* 98 Kan. 547, 158 Pac. 658; *Stanly v. Buser,* 105 Kan. 510, 185 Pac. 39.)

The judgment of the district court is affirmed.