No. 45,404

STATE OF KANSAS, *Appellee*, v. CHARLES STAMPS, *Appellant*.

(457 P. 2d 172)

Opinion filed July 17, 1969.

*Charles S. Scott*, of Topeka, argued the cause and was on the briefs for the appellant.

*George F. Scott*, County Attorney, argued the cause, and *Kent Frizzell*, Attorney General, and *Richard A. Medley*, Assistant County Attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

KAUL, J.: The defendant, Charles Stamps, appeals from a judgment and sentence on a conviction by a jury of converting to his own use a 20-gauge shotgun in his possession as bailee in violation of K. S. A. 21-547.

Defendant and W. A. Parker had been acquainted for several years prior to October 1966, when Parker lent the shotgun to defendant. Parker testified defendant wanted to borrow the gun to go hunting and promised to return it when he was through hunting. The shotgun was never returned. During the next year, Parker and defendant had many conversations concerning the return of the shotgun. In November of 1967, Parker saw the gun in a Junction City pawnshop and identified it by serial number. On November 29, 1967, Parker filed a complaint initiating this criminal action against defendant. On the same day a warrant was issued. Thereafter, the pawnshop proprietors were directed to "hold" the gun by the police, who later picked it up.

On December 4, 1967, defendant was arrested while in the pawnshop were he had paid the pawn ticket to redeem the gun.

On appeal, defendant claims the trial court erred in refusing to submit a requested instruction concerning criminal intent. Defendant further contends the evidence is insufficient to support the

verdict and that his motion for a directed verdict, at the conclusion of the state's evidence, should have been sustained.

Defendant requested an instruction relative to intent as follows:

"An essential element in the crime charged in this case is a felonious intent and before you can convict the defendant you must find from the evidence that he intended to convert to his own use the gun of the prosecuting witness and to cheat, wrong, and defraud him."

In the instructions given the court described the charge contained in the information, set out the requirement of proof beyond a reasonable doubt, defined the term "pawn," and then enumerated the elements of the offense charged as follows:

"3. The burden of proof is upon the State of Kansas to prove to your satisfaction, beyond a reasonable doubt, the following:

"1) That W. A. Parker loaned a 20-gauge Remington Model 58 shotgun, Sportsman shotgun, serial No. 201687, to Charles Stamps, for the purpose of hunting.

"2) That on or about the 5th day of January, 1967, Charles Stamps pawned the above-described shotgun to Jack and Dick's Pawn Shop.

"3) That by the pawning of the said shotgun, Charles Stamps intended to convert the property to his own use.

"4) That the value of the said shotgun was in excess of $50.

"5) That the act set forth occurred in Geary County, Kansas.

"If you find that the State of Kansas has proved to your satisfaction, beyond a reasonable doubt, all of the above-stated facts, then you must find the defendant guilty as charged. If, on the other hand, you find that the State has not proved all the above-stated facts beyond a reasonable doubt, you must find the defendant not guilty.

"4. In arriving at the verdict in this case, you shall not discuss or consider the subject of penalty or punishment, as that is a matter which lies with the Court and other governmental agencies and must not in any way affect your decision as to the innocence or guilt of the defendant.

"5. It is your duty to determine the facts and to determine them from the evidence produced in open court. You are to apply the law as given to you in these instructions, to the facts, and in this way decide the case. Neither sympathy nor prejudice or bias should influence you."

K. S. A. 21-547 reads as follows:

"If any carrier or other bailee shall embezzle or convert to his own use, or make way with or secrete, with intent to embezzle or convert to his own use, any money, goods, rights in action, property or valuable security or other effects, which shall have been delivered to him, or shall have come into his possession or under his care as such bailee, although he shall not break any trunk, package, box or other thing in which he received them, he shall upon conviction be adjudged guilty of larceny, and punished in the manner prescribed by law for stealing property of the nature or value of the article so embezzled, taken or secreted."

Defendant argues that a conviction under the forerunner (Gen. Stat. 1889, ¶ 2220) of the present statute was reversed in *State v. Eastman,* 60 Kan. 557, 57 Pac. 109, for failure to give the instruction requested here. The requested instruction in *Eastman* appears to be identical with that submitted by defendant. However, an examination of the opinion in *Eastman* reveals that the real issue involved was whether intent was an element of the offense. The phraseology of the statute then—and in its present form—does not make intent an ingredient of the offense defined. In *Eastman* the state argued, and the trial court so ruled, that, since it was not made so by the statute, guilty intent was not necessary to the commission of the offense charged. On appeal, this court described the offense as *malum in se* requiring intent and reversed the judgment with directions to grant a new trial.

In the early case of *State v. Small,* 26 Kan. 209, a prosecution for embezzlement by bailee, brought under a precursor of K. S. A. 21-547, it was held:

"Where a person fraudulently removes and secretes a gelding with which he has been entrusted as bailee, with intent to embezzle and *convert the property to his own use,* he may be convicted therefor under the provisions of § 90, ch. 31, Comp. Laws of 1879." (Syl. ¶ 1.) (Emphasis supplied.)

In the instant case the trial court instructed that in order to convict the jury must find, beyond a reasonable doubt, defendant pawned the shotgun with intent to convert it to his own use. We believe the law was properly applied to the facts in the case in this respect.

As to the evidence, defendant argues he intended to redeem the gun and did in fact do so and that such negates his intention to permanently deprive Parker of his shotgun.

In support of his position defendant directs our attention to 82 A. L. R. 2d Anno., 863. The annotation does not deal with embezzlement by a bailee but is confined to cases dealing specifically with theft or larceny to the exclusion of cases dealing with such offenses as embezzlement or wrongful hypothecation.

In discussing whether the pledging or pawning of another's property, after a physical taking of it, affects the status of the taker as guilty of larceny, the author of the annotation states:

". . . The actual pledging or pawning seems to be regarded as neutral, the important factor being whether the accused intended to redeem the property and had the ability to do so." (p. 864.)

We have no quarrel with the proposition stated, however, its application in this appeal fails to avail defendant. The jury by its verdict found defendant intended to convert the shotgun to his own use when he pawned it. The finding forecloses the existence of an intention to redeem on the part of defendant at the time of pawning.

One of the pawnshop proprietors testified the gun was pawned for $75 on January 5, 1967, and not having been redeemed within thirty days, under the rules of the trade, title passed to the pawnshop, and the gun became available for sale.

The testimony of defendant and Parker was in sharp conflict as to the conversations between them pertaining to the return of the gun. Defendant did not attempt to redeem the gun until almost a year after it was pawned and after a warrant had been issued for his arrest. Parker did not know defendant had pawned the gun until he discovered it in the pawnshop a year after it was borrowed.

From such evidence the jury could properly infer defendant, at the time of pawning the gun, had no intention of redeeming it and only did so after learning of Parker's discovery of the gun's whereabouts, the filing of a complaint and the issuance of a warrant.

Defendant testified he pawned the gun with Parker's knowledge and consent. Parker testified defendant borrowed the gun only for the purpose of going hunting.

In final analysis the only material controverted question of fact in the case was defendant's motive, purpose or intent in pawning the gun. This was fully tried out and the verdict of the jury is amply supported by the evidence of defendant's own acts and the testimony of Parker.

The conflict in the evidence was resolved by the jury whose function it was to weigh the evidence and pass upon the credibility of the witnesses. (*State v. Donahue,* 197 Kan. 317, 416 P. 2d 287; *State v. Clark,* 194 Kan. 265, 398 P. 2d 327.) The jury chose to believe Parker, not the defendant. A verdict is not to be set aside because a jury fails to believe the defendant's version, if the conviction is supported by evidence. (*State v. Donahue* supra; *State v. Morrow,* 179 Kan. 63, 292 P. 2d 1094.)

No error having been made to appear, the judgment is affirmed.