No. 45,495

State of Kansas, *Appellee,* v. Kenneth Leroy Piper, *Appellant.*

(477 P. 2d 940)

Opinion filed December 12, 1970.

*Gerald W. Scott,* of Wichita, argued the cause and was on the brief for the appellant.

*Reese C. Jones,* Deputy County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, and *Keith Sanborn,* County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Kaul, J.: Defendant appeals from a conviction of embezzlement by a bailee as defined by K. S. A. 21-547 [now K. S. A. 1970 Supp. 21-3701].

Two questions are presented: (1) Did the trial court err in refusing to submit an instruction setting out the offense commonly known as "joyriding" defined in K. S. A. 21-544 [now K. S. A. 1970 Supp. 21-3701 and 3705], as a lesser included offense in 21-547,

*supra*, and (2) did the trial court err in giving additional instructions after the case had been submitted to the jury?

There is no material dispute about the facts.

On November 7, 1967, Ralph E. Brasted, a Wichita businessman, went to the Kansas Employment Division Office to hire a temporary driver to make deliveries. Mr. Brasted met and employed the defendant, Kenneth LeRoy Piper. Mr. Brasted and defendant returned to the Brasted place of business where defendant was given a 1966 Chevrolet pickup truck and instructed to make deliveries. For his first job, defendant was instructed to make two deliveries and directed to pick up some merchandise and return it to the Brasted Company. Defendant was given five dollars to pay for the merchandise.

Defendant made the first delivery and then, without notifying Brasted, left Wichita in the pickup and drove to Springfield, Missouri.

Defendant obtained employment at Springfield where he worked about six weeks. Defendant told fellow employees the pickup was his. Defendant testified that he never intended to keep the pickup, but that he was attempting to raise enough money to bring it back to Wichita.

On December 27, 1967, defendant had an accident in which the pickup was damaged. The police investigation of the accident revealed the pickup had been reported as embezzled. Defendant was arrested and returned to Wichita.

In support of his first contention defendant argues that embezzlement by a bailee as defined by 21-547 is, as he says, "a hybrid of the common law crimes of larceny and embezzlement." Defendant directs our attention to larceny defined by K. S. A. 21-533 [now K. S. A. 1970 Supp. 21-3701] and ordinary embezzlement as defined by K. S. A. 21-545 [now K. S. A. 1970 Supp. 21-3701]. Defendant asserts that embezzlement by a bailee as defined by 21-547 is a combination of the crimes of larceny and embezzlement, as they are defined by the statutes referred to.

K. S. A. 21-547, under which defendant was charged, reads:

"If any carrier or other bailee shall embezzle or convert to his own use, or make way with or secrete, with intent to embezzle or convert to his own use, any money, goods, rights of action, property or valuable security or other effects, which shall have been delivered to him, or shall have come into his possession or under his care as such bailee, although he shall not break any trunk, package, box or other thing in which he received them, he shall upon

conviction be adjudged guilty of larceny, and punished in the manner prescribed by law for stealing property of the nature or value of the article so embezzled, taken or secreted."

Defendant's position appears to be that since the statute declares that one convicted of the offense defined shall be adjudged guilty of larceny and punished accordingly; that an offense under the statute should be treated as larceny rather than embezzlement. Applying this reasoning to the instant case, defendant contends he was actually charged with larceny of an automobile and thus was entitled, under the evidence, to an instruction under 21-544, *supra,* taking an automobile temporarily against the owner's will.

We cannot agree with defendant's assertion that 21-547 is to be treated as a larceny statute. The distinction between 21-547 and 21-545, defining embezzlement generally, is the characterization of the embezzler. Only a carrier or bailee may be charged under 21-547.

Under 21-545 embezzlement may be committed by any agent, employee, clerk, apprentice or servant.

While the word "larceny" is not found in the text of 21-545, it, like 21-547, prescribes that punishment on conviction shall be that prescribed by law for stealing property of the value of that embezzled. The term "larceny" as used in 21-547 serves only as a means of establishing a criteria for punishment.

A perusal of the cases in which this court has dealt with offenses under 21-547 discloses that a charge thereunder has always been treated as embezzlement rather than larceny. For example see *State v. Stamps,* 203 Kan. 829, 457 P. 2d 172; *State v. Stout,* 175 Kan. 414, 264 P. 2d 1056; and *State v. Chaplain,* 101 Kan. 413, 166 Pac. 238.

In *State v. Robinson,* 125 Kan. 365, 263 Pac. 1081, counts charging offenses under both 21-545 and 21-547 were included in one information and all were treated as embezzlement.

While larceny and embezzlement have some characteristics in common, the two offenses are generally recognized as distinct and separate crimes. (26 Am. Jur. 2d, Embezzlement, § 2, p. 550.)

A significant distinction between the two crimes is the manner in which the initial possession of the subject property was acquired —in the case of larceny by a trespass as opposed to lawful acquisition in the case of embezzlement. While felonious intent is a necessary element in both crimes, larceny requires an intent to perma-

nently deprive the owner of his property at the time of the wrongful taking; the gist of embezzlement, on the other hand, is the intentional misappropriation to his own use by the wrongdoer while in lawful possession. Intention to return or restore the misappropriated property by the embezzler is no defense.

The rule is stated in 26 Am. Jur. 2d., Embezzlement, § 20, p. 571:

"It is well established that when one wrongfully and intentionally misappropriates the property of another lawfully in his possession to his own use, the offense of embezzlement is complete, so that the fact that he at the same time intends subsequently to return the property or to make restitution to its rightful owner does not relieve his wrongful act of its criminal nature, excuse him, or make his offense any the less embezzlement. The fraud and the crime inhere in the act and are not eliminated by any mere mental process, however amiable or virtuous it may be."

In *State v. Atwood,* 187 Kan. 548, 358 P. 2d 726, embezzlement is described in these terms:

"The gist of the offense of embezzlement is the withholding of money or property with intent to defraud the owner, or to deprive him of the use and benefit of his money or property, and convert or apply the same to the defendant's own use or benefit. . . ." (p. 555.)

Intent as an element in the crime of embezzlement was considered in *State v. Pratt,* 114 Kan. 660, 220 Pac. 505, wherein the defendant contended the state must prove intent to deprive the owner not temporarily but permanently of his property. This court recognized the existence of some authority to the contrary, but laid to rest any uncertainty as to the rule in this jurisdiction. The court held:

"The felonious intent constituting in part the crime of embezzlement is the intent to take or appropriate, convert or use, the property of the principal by the agent in violation of his duties, and it is none the less embezzlement if at the time he has an intention, or hope, or desire, to restore it at a later date." (Syl. ¶ 3.)

In *Pratt* the court further held that the motive which prompted embezzlement is not a matter of defense. The characteristics given intent in embezzlement cases has been applied in like manner to embezzlement by a bailee under 21-547. (*State v. Stamps,* supra; and *State v. Small,* 26 Kan. 209.)

Embezzlement by a bailee defined by 21-547 is embezzlement and not larceny, and evidence of the intention to return or restore the subject property is not a defense.

Defendant was not entitled to an instruction under 21-544, as a lesser included offense, and no error was committed in this regard.

At the insistence of defendant in the instant case, the trial court did instruct that the felonious intent involved here means the intent to deprive the owner, not temporarily but permanently, of his property. As the state points out, this instruction unduly burdened the state but the defendant certainly has no cause to complain. Stemming from this instruction, the jury, during deliberation, requested an additional instruction defining permanent. The jury was given a written instruction containing the requested definition. Defendant complains about the court's definition. As we have pointed out, the use of the words "permanent" or "permanently" was not necessary in defining intent in this case; thus no rights of defendant could have been prejudiced. Nonetheless, we note, the definition given conforms generally with the definitions found in the authorities. The additional instruction given did not go beyond the issues of the case, as they were defined in the court's previous instructions. Consequently, the submission of the instruction cannot be said to amount to an abuse of discretion.

Finding no error in the record, the judgment is affirmed.