612

(731 P.2d 881)

No. 58, 351

STATE OF KANSAS, *Appellee*, v. ROBERT EUGENE JONES, d/b/a Johnson County Motors, Inc., *Appellant*.

—

Opinion filed January 29, 1987.

*John Ivan*, of Shawnee Mission, for the appellant.

*Richard G. Guinn*, assistant district attorney, *Dennis W. Moore*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before PARKS, P.J., BRISCOE and BRAZIL, JJ.

PARKS, J.: Defendant, Robert Eugene Jones, appeals from his jury conviction for impairing a security interest contrary to K.S.A. 21-3734(1)(c). We reverse.

In June 1982, defendant was the sole stockholder and operator of JoCo Motors, Inc., (JoCo) a Yamaha motorcycle dealership. All of JoCo's motorcycles were ordered from Yamaha under a financing arrangement with the manufacturer. Under this arrangement, each motorcycle in JoCo's inventory was covered by a security agreement which required JoCo to pay for the motorcycles shipped by Yamaha in accordance with the terms specified on the shipping invoice. These invoices stated that JoCo was to pay Yamaha for each motorcycle as it was sold or if the bike was not sold immediately, JoCo was to send payment to the manufacturer by a designated date, three or four months after the shipment was received. Although the dealership had been a going concern for over five years, by spring 1982, JoCo's chronic undercapitalization and low cash flow, combined with high interest rates and depressed sales, spelled collapse for the corporation. The State presented testimony that by the time the dealership closed its doors, JoCo owed Yamaha in excess of $250,000 for motorcycles which were sold but the proceeds of which were never forwarded to the manufacturer.

The defendant was charged with impairing a security interest by failing to account to a secured party contrary to K.S.A. 21-3734(1)(c) on the theory that he was liable for the criminal acts he carried out in the name of the corporation, JoCo. K.S.A. 21-3207. Defendant admitted that JoCo owed Yamaha about $150,000 under the floor plan when it went out of business but denied any criminal intent to impair the security agreement. Defendant also challenged the constitutionality of K.S.A. 21-3734(1)(c) contending the statute is void for vagueness. Defendant was convicted and sentenced to imprisonment. He appeals.

Following oral argument, this court, on its own motion, questioned whether K.S.A. 21-3734(1)(c) violates Section 16 of the Bill of Rights of the Kansas Constitution. The parties were requested to brief this issue in accordance with the cautionary guidelines set forth in *State v. Puckett*, 230 Kan. 596, 601, 640 P.2d 1198 (1982). Thus, we shall first consider this point.

Section 16 of the Bill of Rights of the Kansas Constitution states that "[n]o person shall be imprisoned for debt, except in cases of fraud." This constitutional provision means that the legislature may not enact a law imposing imprisonment for the mere nonperformance of a contract of indebtedness. See *Haglund v. Bank*, 100 Kan. 279, 284, 164 Pac. 167 (1917); *In re Wheeler, Petitioner*, 34 Kan. 96, 98, 8 Pac. 276 (1885). On the other hand, Section 16 permits imprisonment for debt when fraud is present because the offense then being punished is the fraud, not the indebtedness. *Tatlow v. Bacon*, 101 Kan. 26, 29,. 165 Pac. 835 (1917). For example, in *State v. Haremza*, 213 Kan. 201, 209, 515 P.2d 1217 (1973), an allegation that the worthless check statute, K.S.A. 1971 Supp. 21-3707, unconstitutionally authorized imprisonment on a debt was rejected because the offense requires proof of an intent to defraud. The court stated that the law punishes a defendant because he commits fraud in passing the bad check and not because he fails to redeem his check. *Haremza*, 213 Kan. at 209. See *State v. Yost*, 232 Kan. 370, 374, 654 P.2d 458 (1982). Thus, a penal statute which essentially describes a failure to meet a civil contract of indebtedness as a crime punishable by imprisonment may violate Section 16 unless it requires proof of an intent to defraud.

K.S.A. 21-3734 has a long history in this state, its progeny having been enacted in the early years of this century. G.S. 1935, 58-315b (1939 Supp.); R.S. 1923, 58-318; L. 1911, ch. 226, § 1; L. 1901, ch. 105, §§ 1, 2. However, until 1965, all of the provisions describing conduct within a secured transaction as criminal in the manner of K.S.A. 21-3734 included the element of intent to defraud. Indeed, in *State v. Miller*, 74 Kan. 667, 670, 87 Pac. 723 (1906), the Court held that intent to defraud was an essential element of the offense of selling mortgaged property without consent, and that a conviction based on instructions which failed to include this element had to be reversed. See *State v. Wilfong*, 114 Kan. 689, 690, 220 Pac. 250 (1923). When the various statutes were consolidated and amended to conform to the terminology of the newly enacted Uniform Commercial Code in 1965, the element of intent to defraud was deleted from two of the three resulting provisions. K.S.A. 1965 Supp. 21-652 (enacted L. 1965, ch. 342, § 2; repealed L. 1969, ch. 180, § 21-4701) used the language which was for the most part retained in our current law. This statute requires proof of intent to defraud in subsection (a) but does not require it in subsection (b) or (c). K.S.A. 21-3734 states as follows:

"(1) Impairing a security interest is:

(a) Damaging, destroying or concealing any personal property subject to a security interest with intent to defraud the secured party; or

(b) Selling, exchanging or otherwise disposing of any personal property subject to a security interest without the written consent of the secured party where such sale, exchange or other disposition is not authorized by the secured party under the terms of the security agreement; or

(c) Failure to account to the secured party for the proceeds of the sale, exchange or other disposition of any personal property subject to a security interest where such sale, exchange or other disposition is authorized and such accounting for proceeds is required by the secured party under the terms of the security agreement or otherwise.

(2) Impairing a security interest is a class E felony when the personal property subject to the security interest is of the value of fifty dollars ($50) or more and is subject to a security interest of fifty dollars ($50) or more. Impairment of security interest is a class A misdemeanor when the personal property subject to the security interest is of the value of less than fifty dollars ($50), or of the value of fifty dollars ($50) or more but subject to a security interest of less than fifty dollars ($50)."

Here, we are only concerned with subsection (c), but both

subsections (b) and (c) depend upon the terms of the private contract of indebtedness between the creditor and debtor to define the criminal conduct. Neither of these provisions requires proof of a specific intent to defraud and this element is absent from the corresponding PIK instructions. PIK Crim. 2d 59.42 and 59.43. The stated purpose of these provisions is not the punishment of fraud but the protection of the creditor consistent with the terms of the Uniform Commercial Code. *State v. Ferguson,* 221 Kan. 103, 107, 558 P.2d 1092 (1976). In effect, the debtor who violates his security agreement by failing to account for proceeds of a sale of secured property is punished with criminal penalties for breaching the contract of secured indebtedness.

Relying on *State v. Avery,* 111 Kan. 588, 592, 207 Pac. 838 (1922), the State contends K.S.A. 21-3734(1)(c) does not authorize imprisonment for debt because the offense being punished is not nonpayment of debt but the failure to account for proceeds when such an accounting is required. However, the failure to account for proceeds is simply one way in which a contract of secured indebtedness may be broken. Section 16 prohibits the imprisonment of a debtor for breaching such a contract unless there is fraud present. Therefore, whether the breach of the contract of indebtedness occurs through a failure to account for proceeds or some other way, the debtor may only be imprisoned as a result of his breach if fraud is shown to have occurred.

In *State v. Hocutt,* 207 Neb. 689, 300 N.W.2d 198 (1981), the Nebraska Supreme Court considered the constitutionality of a provision prohibiting the unauthorized sale of secured property in much the same manner as K.S.A. 21-3734(1)(b). The court held the provision would on its face violate the Nebraska constitutional provision which is analogous to Section 16 of the Kansas Bill of Rights. However, the court concluded that the statute was saved from unconstitutionality because the requirement of proving fraudulent intent had been judicially engrafted onto the statute in 1920. Since a defendant could not be convicted of violating Neb. Rev. Stat. § 69-109 (1980 Supp.) absent proof of intent to defraud as a result of judicial precedent, the court found the statute was not unconstitutional.

There is no judicial history present in this state to save K.S.A. 21-3734(1)(c) in the manner of *Hocutt.* All of the cases including

intent to defraud as an element of this crime took place before language to that effect was deleted from the statute in 1965. Therefore, we conclude K.S.A. 21-3734(1)(c) does not require proof of fraudulent intent and, in the absence of this element, the provision permits imprisonment for debt contrary to our constitution.

Accordingly, we hold that K.S.A. 21-3734(1)(c) violates Section 16 of the Bill of Rights of the Kansas Constitution and therefore is unconstitutional.

Reversed and remanded with directions to discharge the defendant.